FRANK M. McCOMBS *vs.* CARLETON S. ELMES.

Bristol.    October 28, 1907. — December 31, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Equity Jurisdiction,* To restrain foreclosure of a mortgage.   *Mortgage,* Of real estate, Technical breach.

At the hearing on a bill in equity by a mortgagor to restrain the foreclosure of a mortgage of real estate, it appeared that the only breach alleged was a failure to insure in accordance with the terms of the mortgage which required the mortgagor to procure insurance upon the property in companies to be approved by the mortgagee, but which contained no clause making the entire amount secured by the mortgage due upon the breach of the condition as to insurance. Insurance which formerly was upon the property had been cancelled by the insurer and the property had remained for one day uninsured, when the mortgagor procured other insurance and submitted it to the mortgagee, who refused to approve of any insurance except by the original insurer. The plaintiff offered in his bill to procure insurance in other companies. *Held,* that the defendant in effect refused to accept any insurance and insisted upon a foreclosure, that the technical breach of the mortgage was without harm to the defendant, and that the plaintiff did all he could to cure it and should have the relief sought against the harsh enforcement of the legal obligation in the mortgage.

BILL IN EQUITY to restrain the foreclosure of a mortgage filed in the Superior Court for the county of Bristol, April 13, 1907.

The case was referred to a master and was heard upon his report by *Fox,* J., who made a final decree enjoining the foreclosure, and the defendant appealed. The facts are stated in the opinion.

The case was submitted on briefs.

A. R. White, 2d, for the defendant.

R. B. McDaniel, for the plaintiff.

RUGG, J. The plaintiff brings this bill in equity to restrain the foreclosure of a certain mortgage upon his real estate held by the defendant and given to secure a note payable in instalments on time. The only breach claimed is a failure to insure the buildings upon the estate. Prior to March 8, 1907, the buildings were insured for $1,250 in the Hingham Mutual Fire Insurance Company, and for $750 in the Traders and Mechanics Insurance Company. On that date, the insurance agent, who had issued the policies, wrote to the defendant stating that the insurance companies had requested him to cancel the policies at once, and that he should be obliged to cancel them in ten days, at the same time notifying the plaintiff's attorney.

On March 22, the agent again wrote to the plaintiff's attorney that he should be obliged to cancel the policies at once, enclosing check for the return premium and a receipt, requesting that the latter be signed and returned. He informed the defendant of this action. On April 1, the defendant entered upon the premises described in the mortgage, and on April 2, and again on April 9 and 16, published notices of a sale, all for the purpose of foreclosure. On April 2, the defendant's attorney received from the agent of the plaintiff an insurance binder for $1,500 insurance on the property in the American Central Insurance Company and for $1,000 in the Hamburg-Bremen Fire Insurance Company. On April 4, the defendant, through his attorney, replied to the plaintiff's agent that the defendant had, previous to the receipt of the binder, ordered the mortgage foreclosed by reason of the mortgagor's failure to keep the property insured, and that he did not approve the companies and would proceed with the foreclosure. On April 5, two policies of insurance, each for $1,150, in Massachusetts standard form in the two companies last named, payable to the defendant as mortgagee, dated April 3, but covering the property for one year from noon of March 29, 1907, were delivered to the defendant. The defendant refused to accept these or any other policies, except in the Hingham Mutual Fire Insurance Company. This was in effect a refusal to accept any policy whatever, for he

knew that the company he named would not issue a policy upon the property. He offered no explanation of this conduct and by his attitude asserts a right to insist upon a technical breach of the condition and consequent forfeiture of the rights of the plaintiff. The plaintiff offered to procure insurance in any other companies which the defendant would suggest, and hold the policies for the benefit of the defendant.

It is doubtful whether the acts of the insurance agent amounted to a cancellation of the first policies in accordance with the terms of the Massachusetts standard policy. R. L. c. 118, § 60. But conceding that effect, these policies continued in force at least until April 1, and on the next day the property was reinsured and the policies actually were delivered to the defendant on April 5.

These facts show at most a mere technical breach of the insurance condition of the mortgage, which was promptly cured in such a way that the defendant suffered no actual harm, so far as it was possible for a cure to be effected by the mortgagor without the co-operation of the mortgagee. The mortgage contained no clause making the whole indebtedness due on breach of this condition. There is no overdue interest or unpaid instalment of principal. Before the bill to redeem was filed, a tender of sufficient insurance in companies which ought to satisfy any reasonable mortgagee had been actually sent to the defendant or his agent, and the property had been uninsured for a period of one day at longest. The mortgage contained the usual clause that the mortgagor should procure insurance upon the property in companies to be approved by the mortgagee. But an express determination on the part of the mortgagee to be satisfied only with a policy in a particular company and that, one which he knew would not issue a policy upon the property, cannot commend itself to a court of equity. This is especially true, since, prior to the cancellation of the policies, insurance had been accepted by the mortgagee in two companies. The plaintiff brings himself within the provisions of R. L. c. 187, § 22, by having tendered sufficient insurance which is held for the benefit of the defendant, and offering in his bill to procure policies in other companies. The only thing that was due under the conditions of the mortgage was sufficient insurance. It is the prerogative

of a court of equity to relieve against precisely such harsh enforcement of legal obligations in mortgages as presented in this record. As was said by Lathrop, J., in *Wilson* v. *Mulloney*, 185 Mass. 430, " It cannot seriously be contended that, on a bill in equity to redeem a mortgage, the fact that the conditions agreed upon have not been strictly performed is any defence." The decree is to be so modified as to include the costs of this appeal, and, as modified, is affirmed.

*So ordered.*