Hillsborough, } No. 3779.
April 5, 1949. }

JOSEPHINE S. HALLAHAN & a.

*v.*

WILLIAM H. RILEY, *Commissioner of Labor.*

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Booth* orally), for the plaintiff.

*F. Maurice LaForce* (by brief and orally), for the defendant.

KENISON, J. Four years ago the plaintiff was unemployed. After reporting to and filing claims for benefits with the defendant, her case slumped forward until it has completed the entire gamut of possible administrative and judicial review. This has involved a total of nine hearings or arguments or both before the defendant, the Superior Court and this court. Omitting the details her case proceeded as follows:

(1) Examiner of Unemployment Division—ineligible for present and future benefits.

(2) Appeal Tribunal of Unemployment Divison—eligible for present but not future benefits.

(3) Supreme Court (94 N. H. 48)—not eligible as a matter of law for future benefits but is a question of fact to be decided by defendant or Superior Court.

(4) Superior Court—Question whether plaintiff entitled to jury trial transferred without ruling.

(5) Supreme Court (94 N. H. 338)—not entitled to jury trial.

(6) Supreme Court (rehearing 94 N. H. 341)—entitled to trial by Superior Court on right to future benefits and previous transfer (3) does not constitute a waiver of election of the right of appeal to the Superior Court.

(7) Superior Court—Trial *de novo* reverses Appeal Tribunal (2), entitled to future benefits.

(8) Superior Court—Defendant waives exceptions to court's decision except that part quoted above in statement of facts.

(9) Supreme Court—present case on appeal from (8).

When the plaintiff's case was finally tried *de novo* by the Superior Court pursuant to statute (R. L., c. 218, s. 5, *par.* G), it was found she was not disqualified from receiving benefits because of refusal to accept the substitute type of work offered her and was not unavailable for work. In other words the plaintiff's original position was affirmed and that of the defendant rejected. The defendant has waived exceptions to this part of the decision of the Superior Court which has the effect of conceding that it could properly be found that the plaintiff was right and the defendant was wrong. This victory for the plaintiff soon appeared hollow since the defendant now claims that plaintiff's failure to continue to report, file claims and be rejected for future benefits makes her ineligible to receive them.

As a general proposition there can be little doubt that the require-

ments of reporting and filing are basic in the administration of the unemployment compensation law. R. L., *c*. 218, *s*. 3. See *Matter of Goldstein*, 267 N. Y. App. Div. 482, reversed in 293 N. Y. 927. The regulations promulgated by the defendant implement these requirements but also provide that the time for filing may be extended and the dates of reporting may be retroactive if the defendant finds sufficient grounds therefor. Although the defendant made no extension or retroactive application of the regulations in favor of the plaintiff, the Superior Court hearing the facts *de novo* has excused them in the circumstances of this particular case as being unnecessary. This accomplished substantial justice to the plaintiff under the circumstances without causing confusion in the general administration of the statute. The Superior Court did not say that an appeal automatically suspended the operation of the statute but did say that it should be suspended for this plaintiff on the facts of this case.

Defendant contends that the Superior Court had no power to waive any requirement of the statute or regulations under any circumstances "regardless of the fact that there have appeared to be iniquities present." This court has shown no lack of deference to the actions of administrative agencies, including the defendant, when directed to do so by the Legislature. *Hewett* v. *Riley*, 94 N. H. 460. This is amply demonstrated by the previous rulings in this proceeding in which the legal positions advanced by the defendant have been sustained for the most part. Since the Unemployment Compensation Act provided for a trial *de novo* in the Superior Court, its decision is entitled to equal if not greater weight than is accorded the decision of the defendant administrative agency. Accordingly the Superior Court has the same power to accomplish substantial justice by waiving or extending the regulations that resides in the first instance in the defendant providing the exercise of this power does not impair the overall effective administration of the Act.

Since the decision of the Superior Court metes out justice to the plaintiff without impairing the effective administration of the Act by the defendant, it is affirmed. We cannot say as a matter of law that the Superior Court has exceeded its revisory powers or has abused its discretion by allowing the plaintiff in effect to have the benefit of retroactive filings and reports.

*Exceptions overruled.*

All concurred.