Belknap,
Dec. 6, 1949. } No. 3868.

BERNARD P. EMERY *v.* WILLIAM L. WOODWARD *& a.*

*Johnson & Keller (Mr. Johnson* orally), for the plaintiff.

*Jewett & Jewett (Mr. Stephen S. Jewett* orally), for the defendants.

DUNCAN, J.   Whether the plaintiff was the effective cause of the sale of the defendant's property (*Williams* v. *Walker*, 95 N. H. 231; *Philbrick* v. *Chase*, 95 N. H. 82), was the major issue before the Trial Court.   This was an issue of fact, the determination of which by the Court is final, unless there was error in the exclusion of evidence offered by the plaintiff.   The plaintiff sought to make the following inquiry of the witness Szalajeski concerning a conversation which took place between the plaintiff and the purchaser when the defendant was not present: "And I don't want you to go into what Mr. Emery said or what Mr. Beaudoin said, but what was the subject matter of that conversation?"   Upon objection upon the ground of hearsay, the answer was excluded, over the plaintiff's contention that the fact of the conversation was "tied in as part of the effort in selling the camp."

The testimony was erroneously excluded.   The fact that conversations occurred between the plaintiff and Beaudoin had no probative value unless the conversations were shown to relate to the sale of the defendant's property.   "Until the words are taken into consideration, the desired significance cannot be attributed to the wordless conduct."   6 Wig. Ev. (3rd *ed.*) *s.* 1772.   Since the conversation was relevant irrespective of the truth of what was said, the hearsay rule would not operate to exclude the testimony. *Ib.*   The evidence "had some tendency to show that the plaintiffs were the efficient cause of the exchange of the properties, and was not inadmissible as hearsay. Where, as here, the fact in issue is whether the plaintiffs were the efficient cause of the exchange, the conversations [between plaintiffs and purchasers] were direct and primary evidence on that issue." *Glassman* v. *Barron*, 277 Mass. 376, 382.   Accord: *Murphy Inc.* v. *Association, Inc.*, 253 App. Div. (N. Y.) 845; *Lucas* v. *Realty Corp.*, 105 F. (2d.) 800; *Peck* v. *Foote*, 7 N. J. Misc. 672.

Although there was error, it cannot reasonably be found to have been prejudicial.   The fact, as well as the subject matter of the conversations appeared through other testimony received without objec-

tion. The plaintiff testified that he talked to Beaudoin about "the camp" "every chance I'd get," and that Beaudoin told him that "if it's what you say it is . . . I'll buy it." Beaudoin, called by the defendants, testified that he and the plaintiff were employed in the same plant and that the latter utilized the opportunity to talk to him frequently about the property, describing it in detail. There was thus no dispute over the fact that the conversations between the plaintiff and the purchaser with respect to the defendant's property did occur. So far as the plaintiff's offer of proof discloses, the excluded testimony would have served merely to partially confirm the undisputed testimony which was received. In the erroneous exclusion no prejudice is apparent.

The plaintiff sought through his own testimony and that of another real estate broker to establish that trade usage or practice required payment of a commission when an owner sells property to a purchaser obtained by a broker, at a price lower than that at which the broker is authorized to sell. The evidence was offered upon the ground that "it isn't just a matter of law, that it's a matter of practice in the sale of real estate." It was excluded as immaterial, subject to exception. There was no evidence that the alleged practice was known to the defendants or that it was so prevalent as to make them chargeable with constructive knowledge of it. See *Stimson* v. *Jackson*, 58 N. H. 138; 3 Williston, Contracts (Rev. *ed.*) *s.* 661. But so far as the record discloses, the proffered evidence would have had no tendency to vary the contractual obligations of the parties, and would not have altered the legal rights of either.

The testimony of the defendant husband, warranted a finding that there was no undertaking to pay a commission except as the sale price should exceed $6,000. If this were found to be the contract of the parties, application of the usage was excluded by express terms of the contract. Restatement, Contracts, *s.* 247, *comment* d; *Sumner* v. *Tyson*, 20 N. H. 384, 386; *Swamscot Machine Co.* v. *Partridge*, 25 N. H. 369. If it were found that the contract of the parties did not provide what the commission should be in case of a sale for $6,000 or less, but that the plaintiff did not agree to forego the right to a commission in such a case, then he was entitled to be paid the fair value of his services if he procured the purchaser. *Philbrick* v. *Chase*, *supra.* Under such circumstances, evidence of the alleged usage would not have added to his rights. This would likewise be so, if the court accepted the plaintiff's claim that his commission was to be ten percent of any sale price, but not to exceed $500. He would be en-

titled to a commission if he were the efficient cause of the sale. Thus in any contingency, and even if the evidence might properly have been received subject to proof of the defendant's knowledge of the usage, exclusion of the evidence was harmless error at most.

The motion to set aside the verdict presents issues which need no restatement. *Wisutskie* v. *Malouin*, 88 N. H. 242; *Bennett* v. *Larose*, 82 N. H. 443; *Condiles* v. *Waumbec Mills*, 95 N. H. 127. The Trial Court's finding was not as a matter of law so unreasonable as to require that it be set aside.

*Judgment on the verdict.*

LAMPRON, J., did not sit: the others concurred.