WILSHIRE ENTERPRISES, INC. *vs.* TAUNTON
PEARL WORKS, INC.

Bristol.    January 9, 1970. — February 2, 1970.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Bills and Notes,* Instalment note, Waiver, Acceleration clause.    *Waiver·*

Under a promissory note providing for payment of principal by quarterly instalments and that in the event of a default in the payment of any instalment outstanding for more than thirty days the entire unpaid principal with interest would become due and payable forthwith at the election of the holder of the note, acceptance by the holder of a quarterly instalment more than thirty days after it became due waived his right to elect acceleration by reason of such default, and a purported exercise of the option after acceptance of the instalment was ineffective.

BILL IN EQUITY filed in the Superior Court on July 8, 1968.
The suit was heard by *Cahill*, J.

*John F. Dunn* for the defendant.

*Benjamin D. Lewis* for the plaintiff.

WILKINS, C.J.   This bill to restrain the foreclosure of a
mortgage was heard upon "an agreement of facts," which
is not in the record, but which the trial judge in his "find-
ings and order" said amounted to a case stated.   From
a final decree enjoining the foreclosure the defendant ap-
pealed.

The defendant is the holder of an instalment note dated
December 31, 1967, secured by a mortgage on real estate on
Ingell Street, Taunton, the terms of which provide that the
sum of $2,500 is due on each consecutive quarter of each
consecutive year commencing with April 1, 1968, together
with interest on the unpaid principal at the rate of six per
cent per annum until paid in full, the entire balance of un-
paid principal to be paid in ten years from date of the note.
There are the further provisions that in the event of default
outstanding for more than thirty days, the entire unpaid
balance of principal together with interest shall become due
and payable forthwith at the election of the holder, and
"Failure to exercise this option shall not constitute a waiver
of the right to exercise the same in the event of a subsequent
default."

The defendant did not send the plaintiff a notice when the
first instalment was due or within the grace period provided
in the note.   (The court ruled none was required.)   When
the instalment was not received, the defendant by letter
dated May 3, 1968, notified the plaintiff of the default and
the right of acceleration.

Immediately upon receipt thereof, the plaintiff sent the
defendant a check in full for the amount due with a letter
of explanation in which it was stated:   "My past prac-
tice has always been to await receipt of notice from the
mortgagee of the amount due and payable on the payment
date."   The amount sent was $5,500, which was the quarterly
instalment of $2,500 principal and $3,000 interest.

The defendant, without notice to the plaintiff, accepted and deposited the check and sent a letter dated May 9 in which it said that the check was accepted without waiving the default under the note.

By letter dated June 11 the defendant notified the plaintiff that it was exercising its option to call the unpaid principal of $197,500 with interest and would foreclose the mortgage in event of failure forthwith to comply. The letter stated that the notice was sent because of default in payment of the instalment due April 1, 1968, and because of the destruction and removal of a building from the premises.

On June 24 the plaintiff sent the defendant a check for $5,477.50, being the principal instalment currently due with interest from April 1 through June 30 and for the period of delay from April 1 through May 6.

By letter dated June 28 the defendant returned the check and reiterated its intention to call the entire unpaid balance.

The plaintiff, without notice to the defendant and without its permission, during March or April, 1968, destroyed and removed a wooden office building, thirty-seven by twenty-three feet, claimed by the defendant to be worth $8,500, which was part of the mortgaged premises and had been vacant for some years. The defendant contended that this impaired its security. To replace it, a contract has been executed to erect a building of stone and steel for $62,000. The value of the mortgaged property is considerably more than $200,000, the amount of the mortgage.

The trial judge ruled that by accepting the check after default the defendant waived the right to insist upon the whole amount becoming due; and that the destruction of the building was not actionable waste because it was "so small and infinitesimal that the doctrine of [de] minimis should be applied."

The defendant does not argue the question of waste, so we do not discuss it. There was no error in restraining the foreclosure in order to prevent forfeiture of the plaintiff's right. *McCombs* v. *Elmes*, 197 Mass. 19, 21–22.

The final decree may be upheld on the ground of waiver adopted by the judge. "Acceptance by the mortgagee of the amount in default before he has elected to enforce the acceleration operates as a waiver of the provision." Am. Law of Property, § 16.193. See Annotation, 97 A. L. R. 2d 997. The instalment due April 1, 1968, was accepted by letter dated May 9, and the attempt to elect acceleration was by letter dated June 11, both sent from Lynn to New York. Under the clause in the case at bar a default in payment requires a positive act, a decision to accelerate by the creditor. Payment of the overdue instalment prior to the time the option is exercised removes the conditions upon which the exercise may be based. *Trinity County Bank* v. *Haas*, 151 Cal. 553, 556–557. *Van Vlissingen* v. *Lenz*, 171 Ill. 162, 169. *Weinberg* v. *Naher*, 51 Wash. 591, 594.

*Decree affirmed.*