In re claim of Norris et al.

(Nos. 23436, 23437, 23492 and 23493—
Decided July 12, 1972.)

Common Pleas Court of Medina County.

*Mr. Mack R. Gilbert,* for appellants.
*Mr. William J. Brown,* attorney general, *Mr. Gerald Mauk,* for the appellee, Bureau of Employment Services.

Winter, J. These cases are before the court on appeal from decisions and orders of the board of review of the bureau of unemployment compensation.

By agreement of counsel, the facts being essentially the

same, the above captioned cases are consolidated for the purposes of pre-trial and final disposition.

The claimant, Paul C. Norris, has been vice president of the employer corporation, Mecca Paving Company, from its inception to the present time. Mecca Paving Company was incorporated in the state of Ohio on or about April 1, 1966, and is engaged primarily in the business of paving and grading parking areas. The claimant Norris is the owner of 15 of the 53 outstanding shares of the employer company's capital stock. His duties consist of the signing of all checks (two (2) signatures required), estimating and bidding jobs, acting as supervisor, roller operator, driver and raker. His earnings with the employer corporation during the years 1965 and 1966 amounted to approximately $4700.00 for each of the said years and he was compensated at the rate of $175.00 per week. Claimant Norris did not receive any wages during the periods for which he claimed benefits excepting the week ending December 3, 1966, when he was paid the sum of $28.00.

The claimant, William A. Hodnett, has been president of the employer corporation from its inception to the present time. He is the owner of 23 of the 53 outstanding shares of the employer corporation's capital stock. As president of the employer corporation, his duties consist of the signing of all checks, estimating and bidding jobs, acting as supervisor, roller operator, driver and grader. Claimant Hodnett's earnings with the employer corporation during the year 1965 amounted to approximately $4700.00 at the rate of $185.00 per week. During the year 1966 his earnings amounted to the approximate sum of $5800.00 at the rate of $185.00 per week. During the periods for which this claimant sought and was paid benefits he did not receive wages from the employer corporation.

The parties agree that the sole issue is the legal question as to whether the appellants, by reason of their being officers of the employer corporation, are thereby precluded from receiving unemployment benefits for the various periods of time involved in these respective cases.

The appellants contend that they were unemployed during the periods of time for which they were paid unemployment benefits and, further, even though they were officers of the employer corporation, since the said corporation was insolvent and totally without funds during the periods of time in question, it would have been impossible for them to have been paid any compensation whatsoever.

The appellee, Bureau of Unemployment Compensation, contends that the appellant claimants, in order to be eligible for benefits in accordance with the provisions of R. C. paragraph (M) and (N) of 4141.01 and 4141.29, had to be unemployed during the periods of time for which compensation is claimed  The appellee contends that the employee-employer relationship between the appellants and their employer was not terminated at any time for the reason that said appellants continued as officers of the employer corporation during the periods of time for which they received unemployment compensation and thus, they were not unemployed within the meaning of the Unemployment Compensation Act and were therefore not eligible to receive the benefits which were paid to them.

R. C. 4141.01 (R), provides in part as follows:

"* * * Any application for determination of benefit rights made in accordance with R. C. 4141.28, is valid if the individual filing such application is unemployed * * *. Within the meaning of the preceding sentence an individual is 'unemployed' if, with respect to the calendar week in which such application is filed he is partially unemployed or 'totally unemployed' as defined in this section * * *."

R. C. 4141.01 (M) and (N) provide:

"(M) an individual is 'totally unemployed' in any week during which he performs no services and with respect to such week no remuneration is payable to him.

"(N) An individual is 'partially unemployed' in any week if, due to involuntary loss of work, the total remuneration payable to him for such week is less than his weekly benefit amount."

And, R. C. 4141.29, provides in part:

"Each eligible individual shall receive benefits as com-

pensation for loss of *remuneration* due to involuntary total or partial unemployment * * *." (Emphasis ours.)

Accordingly, to be eligible for benefits under the provisions of the Unemployment Compensation Act the claimant must be unemployed.

R. C. 4141.01 (B), in part, defines employment as follows:

"(B) 'Employment' means *service performed for wages* under any contract of hire, written or oral, express or implied, including * * * service performed by an officer of a corporation, without regard to whether such service is executive, managerial, or manual in nature, and without regard to whether such officer is a stockholder or a member of the board of directors of the corporation: * * *." (Emphasis ours.)

R. C. 4141.01 Paragraph (G) defines wages as:

"(G) 'Wages' means remuneration paid to an employee by each of his employers with respect to employment; * * *."

In referring to this section, the Court of Appeals, Hamilton County, in the case of *Pilat* v. *BUC*, 56 O. O. 160, held that:

" 'Wages' as that terms is defined in R. C. 4141.01, means compensation paid by a covered employer."

Appellee in its briefs contend that since the appellants worked for a corporation in which they were controlling officers they were either self employed or employed by an employer not subject to the Unemployment Compensation Act, and thus not eligible for benefits.

Examination of the decision by the Board of Review failed to disclose any finding to the effect that the said employer was not subject to the Unemployment Compensation Act or that the applicants were self employed.

The Board of Review further states in its decision that the case of *Emanuel Macauda*, Appeals Docket No. 356470-BR issued on August 3, 1966, is noted and followed.

In the *Macauda* case, the claimant was president. treasurer, and sole owner of the Macauda Asphhalt Company, Inc. Claimant also operated the business as gen-

eral manager, superintendent and foreman and solicited all of the business for the company. Because of the nature of the asphalt paving business the company normally performed paving work during the months of April through November. In his application for determination of benefit rights from November 12, 1965, claimant indicated that his separation was due to "lack of work" and that he expected to return to work for this employer in "April 1966." He further certified that he was "unemployed" at the time of the filing said application.

The Board of Review found that the last paving job in 1965 was completed on November 12th, prior to the period for which compensation was claimed; that the claimant who had previously chosen to pay himself a salary out of funds of the Macauda Asphalt Paving Company, Inc., chose not to pay himself any salary after November 12, 1965; that claimant did not sever his relationship with the employer company on November 12, 1965 and that he continued to be the president and treasurer thereof. The board further found that the employee-employer relationship was not terminated at any time as he continued to be the president and treasurer of the company and that *he could have at any time decided to have again paid himself a salary*; and, since claimant continued to render services, he was not at any time "unemployed" within the meaning of the Ohio unemployment compensation law. (Emphasis ours.)

Following the reasoning of the *Macauda* case the Board of Review concluded that the claimants herein were overpaid benefits and ordered them to make repayment of the amounts received to the Ohio Bureau of Unemployment Compensation.

It is to be noted that there was no showing that the Macauda Asphalt Paving Company, Inc., was insolvent and without funds at the time in question. The claimant in the *Macauda* case, *supra*, elected not to pay himself a salary during the period of time for which he claimed benefits and that "* * * he could have at any time decided to have again paid himself a salary." Based upon this reasoning had the company been insolvent and without funds the officer

and employee claimant would have been unable to "* * * choose to pay himself a salary out of the funds of the employer corporation." Under such circumstances it is reasonable to assume that the referee's decision in the *Macauda* case, holding the claimant entitled to compensation would not have been reversed by the Board of Review.

The cases now before this court on appeal from the Board of Review are to be distinguished from the *Macauda* case, *supra*. The claimant *Macauda* "* * * could have at any time decided to have again paid himself a salary * * *." Thus, it must be assumed that the employer Macauda Asphalt Paving Company, Inc., had funds from which salary or remuneration could have been paid. Mecca Paving Company, the employer in the instant cases, was, undisputed of record, totally without funds during the periods of time for which claimants received compensation benefits, and was, and now is, insolvent.

Had the Mecca Paving Company had funds from which salaries, wages or remuneration could have been paid to the claimant officer employees, then the rule as laid down in the *Macauda* case would have been applicable and the decisions of the Board of Review herein should be sustained.

The court upon consideration finds that the claimants performed no services during the periods of time in question and that with respect to such periods of time no remuneration was payable to them by reason of the insolvency of the employer. Thus, within the meaning of the term "totally unemployed" as defined in the Ohio unemployment compensation law, the claimants must be so found.

The court further finds that R. C. 4141.01 (B), in its definition of "employment" does not preclude the appellant claimants from receiving unemployment benefits by reason of their being officers of the employer corporation.

In the absence of fraudulent misrepresentation, and the Board of Review has so found (see Appeals Docket No. 366535, Decision, page 2), it is the opinion of this court that the claimants Norris and Hodnett, being unable to choose to pay themselves salary, wages or remuneration

because of employer corporation insolvency, having been employed by a covered employer, were unemployed within the meaning of the Unemployment Compensation Act during the periods for which they received compensation benefits and that accordingly, the decisions and orders of the Board of Review should be, and they hereby are, reversed.