### Floyd Coman *v.* Administrator, Unemployment Compensation Act

Superior Court      Windham County      File No. 16121

Memorandum filed December 27, 1973

*Gross, Hyde & Williams,* of Putnam, for the plaintiff.

*Robert K. Killian,* attorney general, and *Donald E. Wasik,* assistant attorney general, for the defendant administrator.

Longo, J. The plaintiff has appealed from the decision of the unemployment commissioner for the second district in affirming the administrator's disapproval of the plaintiff's claim for benefits on the ground of unavailability for work.

In his finding, as corrected, the commissioner found the following facts: The plaintiff is the

president of Coman Concrete Tank, Inc., which has been engaged in the manufacture and sale of septic tanks since November, 1968. The corporation advertises in the yellow pages of the Putnam-Danielson-Plainfield telephone directory. All of the plaintiff's wage credits are from his earnings with Coman Concrete Tank, Inc. He has about $30,000 invested in the business and owns substantially all of the stock of the corporation. He has done no work except in his own business for at least the last three years.

The claims at issue have been filed during a time when the plaintiff's business is at a standstill owing to weather conditions. As a result of the seasonal shutdown of Coman Concrete Tank, Inc., there was no work available for the plaintiff until the spring reopening. During the period for which benefits are sought, the plaintiff was not looking for business for the corporation because it was shut down until the spring. Any work he would accept for an employer would be temporary, since the plaintiff will return to conducting his own business actively as soon as weather conditions permit.

The commissioner concluded that the plaintiff did not expose himself unequivocally to the labor market for the reason that he offered his services in the labor market on a temporary basis only, and that therefore he is ineligible for benefits.

The court has incorporated in the finding the corrections which were granted by the commissioner. In view of the decision reached by the commissioner, based on the single conclusion that the plaintiff did not expose himself unequivocally to the labor market when he offered his services on a temporary basis, the corrections refused are not considered essential.

The transcript supports the finding that the plaintiff sought full-time temporary work. The issue to

be resolved is whether he was "available for work" within the meaning of General Statutes § 31-235, which provides: "An unemployed individual shall be eligible to receive benefits with respect to any week only if it has been found that . . . (2) he is physically and mentally able to work and is available for work and has been and is making reasonable efforts to obtain work . . . ." To be available for work within the meaning of the statute, one must be ready, able and willing to accept suitable employment. One must be exposed unequivocally to the labor market. *Stapleton* v. *Administrator,* 142 Conn. 160; *Leclerc* v. *Administrator,* 137 Conn. 438, 439; *Reger* v. *Administrator,* 132 Conn. 647, 651. A claimant who limits his availability for work because of personal reasons not related to the employment is not entitled to compensation. *Leclerc* v. *Administrator,* supra, 441.

In the opinion of the court, an employee is entitled to unemployment benefits in the event of temporary layoffs or shutdowns by an employer due to weather conditions which render it impossible or impractical to continue operations, as in the instant situation. *Brinkley* v. *Administrator,* 139 Conn. 588; *Schettino* v. *Administrator,* 138 Conn. 253. This is in keeping with the liberal policy of the administrator in accepting a bona fide attempt to obtain a temporary full-time job as satisfying the requirements of availability as set forth in § 31-235 (2). This policy has been followed in claims by students, school bus drivers whose employment is terminated at the end of the school year and who are rehired in the fall, and construction workers who are unable to work in winter because cold weather forces the cessation of outside construction. The plaintiff's inability to work at his usual place of employment cannot be distinguished from that of the construction worker.

Although in his brief the administrator has raised the claim of disqualification because the plaintiff owned substantially all of the stock of the corporation, this ground was not stated as a reason for disqualification in the decision. Since the plaintiff is, to all intents and purposes, an employee of a corporate entity and, therefore, entitled to employee benefits, the result sought to be obtained, namely, exclusion from unemployment benefits because the plaintiff is the owner of substantially all of the corporate stock, is a matter of legislative action, as in the situation pertaining to teachers.

The appeal is sustained.