Coos
No. 6833

LEOPOLD FLEURY

v.

STATE OF NEW HAMPSHIRE & a.

July 30, 1974

*New Hampshire Legal Assistance (Mr. Daniel Russell IV),* by brief and orally, for the plaintiff.

*Edward F. Smith, Joseph Stewart* and *Andre J. Barbeau (Mr. Barbeau* orally) for the defendant New Hampshire Department of Employment Security.

*William D. Paine II,* for defendant Linderhof Realty, Inc., filed no brief.

DUNCAN, J. Appeal by the New Hampshire Department of

Employment Security and Linderhof Realty, Inc. from a de novo determination by the superior court under RSA 282:5 G (1) (Supp. 1973) and (3). The court concluded, contrary to the finding of the department's appeal tribunal, that the plaintiff had not violated RSA 282:14 D so as to warrant disqualification from unemployment compensation benefits, and ordered $882 in benefits paid to him. Defendants' exceptions to the findings and rulings and various other exceptions were reserved and transferred by *Mullavey,* J.

RSA 282:14 D provides in pertinent part as follows:

"Whoever wilfully makes a false statement or representation or knowingly fails to disclose a material fact . . . before a representative of the department of employment security . . . to obtain or increase any benefit or other payment under this chapter, or under the laws of any other "state or the federal government, . . . for himself . . . *may, in the discretion of the commissioner* or his authorized representative, be determined to be disqualified for benefits for each week directly affected by the false statement or representation or failure to disclose a *material* fact, and all benefits received for each week of such disqualification shall be deemed overpaid and restitution in an amount equal to such overpayment shall be ordered by the commissioner or his authorized representative. In addition to such disqualification he shall be deemed ineligible to receive benefits for not less than four nor more than fifty-two consecutive weeks, beginning with the week in which the decision is made, as determined by the commissioner or his authorized representative. For each week of determined ineligibility an amount equal to the individual's maximum weekly benefit rate during such week shall be deducted from the maximum benefits available to him during the benefit year in which such week falls, but no change shall be made in his weekly benefit amount because of this deduction . . . ." (Emphasis added.)

Little dispute appears as to the underlying facts. Plaintiff Fleury, a Berlin resident, worked in the woods for defendant

Linderhof at Glen, New Hampshire, until his layoff November 25, 1970. Fleury made his initial unemployment application November 30, 1970, and received benefits for the first two weeks of December. He was briefly employed in late December, but reopened his claim in January 1971 and received benefits through April, when he accepted work in Rhode Island. An injury terminated the Rhode Island job after the first week. The plaintiff again reopened his claim in November 1971, and continued to file until March 25, 1972.

On March 6, 1971, Fleury reported to the department that he was negotiating possible reemployment with Linderhof. Thereafter he made several trips to the potential job site at Long Island in Lake Winnipesaukee, a round trip of·160 miles from Berlin, and on each occasion concluded that snow conditions prohibited the land-clearing work. After some discussion with Linderhof regarding the payment of expenses and withholding taxes, Fleury determined that the costs of transportation, equipment, rental of housing and other expenses would consume the wage offered and he would be working essentially for nothing, and he declined to commence clearing. After the March 6 disclosure to the department, Fleury did not discuss the situation further with the department.

On April 23, 1971, Linderhof reported to the department that Fleury had declined an offer of reemployment. On investigation the commissioner determined that by failing to report the events after the March 6 disclosure, and by signing the weekly claim forms that contained statements that he had "satisfied all eligibility conditions", Fleury had violated RSA 282:14 D. On December 10, 1971, the commissioner declared Fleury disqualified for benefits, ordered him to make restitution of $156 in benefits paid, declared him ineligible for benefits until December 2, 1972, and reduced his maximum benefits for the next two benefit years. After hearing, the appeal tribunal affirmed the commissioner's findings and approved the penalties assessed.

On de novo trial, however, the superior court concluded that plaintiff "did not wilfully make a false statement or representation or fail to disclose a material fact so as to warrant

disqualification for benefits under the provisions of RSA 282."

"It is well known in this jurisdiction that the findings of the trial court will not be overruled unless it clearly appears they were made without evidence." *Neilsen v. Department of Employment Security*, 113 N.H. 642, 644, 312 A.2d 708, 710 (1973). The statute provides for trial de novo by the superior court, the obvious purpose being to substitute the conclusions of the court for those of the appeal tribunal. RSA 282:5 G (1) (Supp. 1973) and (3); *Hallahan v. Riley*, 95 N.H. 419, 421, 65 A.2d 278, 279 (1949).

*Hallahan v. Riley*, 94 N.H. 48, 45 A.2d 886 (1946), held that the determination of whether available employment is "suitable" within the meaning of the unemployment compensation statute so as to require an applicant to accept it or be denied future benefits is a question of fact. Similarly, the determination whether an applicant for benefits has "wilfully" made a false statement or "knowingly" failed to disclose a "material fact . . . to obtain . . . any benefit" is necessarily factual in nature, as is the determination of what is "material".

There was evidence from which the court could conclude that Fleury had not acted so as to subject himself to the punitive sanctions of RSA 282:14 D. His signature of the weekly claim forms, reciting that he had been "informed of the eligibility and disqualification provisions" of the law and "had satisfied all eligibility conditions", was not conclusive evidence of wilful false statement, or of knowing failure to disclose an offer of suitable work. The court could reasonably conclude that the plaintiff's failure to inform the department of developments after the March 6 disclosure was not done "wilfully" or "knowingly" or to "obtain any benefit" but resulted from innocent misunderstanding, and that the "offer" was not "material" to his eligibility because the employment was not suitable. RSA 282:4 M (1) (Supp. 1973).

It is equally supportable that the court, exercising de novo the discretion explicitly conferred by the statute, found that while Fleury's actions technically violated section 14 D, application of extreme sanctions was inappropriate. "[T]he superior court has the same power to accomplish substantial justice by waiving or extending the [unemployment compensation] regulations that resides in the first instance

532

in the defendant [department].... Since the decision of the superior court metes out justice to the plaintiff without impairing the effective administration of the act by the defendant, it is affirmed." *Hallahan v. Riley*, 95 N.H. 419, 421, 65 A.2d 278, 279 (1949).

*Exceptions overruled.*

All concurred.