Rockingham
No. 7443

### RAYMOND P. FOSTER & a.

### v.

### STATE OF NEW HAMPSHIRE & a.

January 31, 1977

*Shaines, Madrigan & McEachern,* of Portsmouth, *Paul Mc-Eachern and Gregory D. Robbins* (*Mr. Robbins* orally) for the plaintiffs.

*Edward F. Smith, Michael M. Black, Andre J. Barbeau* and *Paul V. Kenneally,* of Concord (*Mr. Black* orally) for the defendant.

PER CURIAM. The questions presented by this case are (1) whether the sale, under economic pressures, of a business employing its own shareholders disqualifies the then unemployed shareholders from receiving unemployment compensation; (2) whether a failure to strictly adhere to the weekly filing requirement pending an appeal from the appeal tribunal bars compensation; and (3) whether the repeal of RSA 282:1-H(4)(d) (Supp. 1972) operates to exclude from annual earnings wages earned by self-employed persons prior to the effective date of the repeal. We hold that the sale of the business was with "good cause" sufficient to avoid the disqualification mandated by RSA 282:4-A(1) (Supp. 1975); that the filing requirement was waived and therefore does not affect plaintiffs' eligibility; and that the repeal of RSA 282:1-H(4)(d)

(Supp. 1972) does not operate to exclude from annual earnings wages earned prior to the date of repeal.

Pursuant to RSA 282:5-G(1) (Supp. 1975), the plaintiffs filed an appeal in superior court from a decision of the appeal tribunal of the department of employment security denying them unemployment compensation benefits. A report by a Master (*Leonard C. Hardwick,* Esq.), recommending entry of a decree in favor of the plaintiffs, was approved by the Superior Court (*Douglas,* J.). All questions of law raised by the defendant's exceptions to certain rulings of the court were reserved and transferred.

The plaintiffs, husband and wife, engaged in a business enterprise which in 1967 became incorporated under the name Foster Enterprises, Inc. All of the stock in the corporation was owned by the plaintiffs, who also served as two of the company's three directors. Raymond Foster held the office of president, and Marjorie Foster that of secretary-treasurer. Both were employed by the corporation full time, Raymond receiving a salary of $200 per week and Marjorie $125 per week. Beginning with the incorporation of the business in 1967, the corporation made regular contributions to the unemployment fund covering all employees, including the plaintiffs. There was testimony presented to the master that the plaintiffs had been advised this was a necessary procedure, although the evidence did not indicate who gave them this advice.

Due to such causes as a change in the traffic pattern passing the corporation site reducing the number of prospective customers, an increase in competition from similar businesses moving into the area, and a general economic slump during the period, the corporation showed a loss for the years 1972 and 1973. In order to prevent further loss the decision was made to sell the business. This was accomplished in January 1974, as a result of which the plaintiffs became unemployed. The master found that the sale of the business was dictated by the economic considerations indicated above, and that accordingly, the plaintiffs had not left work voluntarily without good cause, which would have disqualified them from receiving unemployment benefits under RSA 282:4-A(1) (Supp. 1975).

Upon the cessation of Foster Enterprises, Inc., both plaintiffs sought work for several months. Their efforts proved unsuccessful and so, on April 19, 1974, they filed for unemployment compensation benefits. They continued to file at regular weekly intervals through June 1, 1974. The plaintiffs' applications for benefits were

denied and they appealed to the appeal tribunal which, after hearing, held that they were ineligible to receive compensation. Thereafter, when the plaintiffs attempted to file with the department, they were told that filing would not be required until the appeal from the decision of the appeal tribunal was resolved. The master found that in view of this advice, the requirement of weekly filing was waived, and that the department could not now assert any lack of eligibility due to failure to file. It was further found that at all relevant times the plaintiffs remained "ready, willing and able to perform suitable work" and that both diligently continued to offer and expose themselves to employment.

 The defendant disputes the master's finding that the circumstances of the plaintiffs' termination of employment did not disqualify them from benefits, contending that a voluntary sale of a business, for whatever reason, must render the sole owners ineligible to receive unemployment compensation. In so arguing the defendant is seeking to insert into the statute a requirement which the legislature chose not to include. Statutes in some other jurisdictions do provide that benefits are not available to those who are self-employed prior to their unemployment, *see, e.g.,* 43 PA. CONS. STAT. § 802(h), but our statute presently has no such exclusion. Although in 1971, RSA 282:1-H(4)(d) (Supp. 1972) was amended to disqualify those who performed services "for a corporation fifty percent of whose stock is held either individually or collectively by [the claimant] and/or [his spouse]," this provision was explicitly repealed by Laws 1973, 589:7, effective September 10, 1973. In view of the legislative intent evidenced by this repeal, the defendant's argument that persons who sell their own business are automatically disqualified from receiving benefits must be rejected. *See Coman v. Administrator, Unemployment Comp. Act,* 31 Conn. Super. Ct. 4, 318 A.2d 649 (1973); *R. S. Smero, Inc. v. Levine,* 51 App. Div. 2d 273, 381 N.Y.S.2d 337 (1976); *In re Norris,* 31 Ohio Misc. 163, 287 N.E.2d 830 (1972); *Mikolaicziak v. Employment Sec. Comm'n,* 40 Mich. App. 61, 198 N.W.2d 442 (1972).

The master denied a specific request by the defendant for a ruling that the plaintiffs left work "voluntarily without good cause." RSA 282:4-A(1) (Supp. 1975); *see Liebermann v. Catherwood,* 25 App. Div. 2d 903, 269 N.Y.S.2d 216 (1966). Such a finding will not be overturned by this court unless there is no evidence in the

record to support it. *Hardware Mut. Cas. Co. v. Hopkins,* 106 N.H. 412, 417, 213 A.2d 692, 696 (1965). Examination of the record herein indicates ample evidence to support the master's conclusion in the present case. *See Fontana v. Levine,* 53 App. Div. 2d 742, 384 N.Y.S.2d 526 (1976) and *Liebermann v. Catherwood supra.*

The defendant also argues that the plaintiffs must be barred from consideration because of their failure to comply with the weekly filing requirement after June 1, 1974. The master's finding, however, that filing was excused in the plaintiffs' case is supported by the record and based upon competent evidence. Mr. Foster's testimony that he had been advised by an employee of the defendant that further filing by him or his wife would be unnecessary was not hearsay as the department contends. It was not admitted to prove the facts asserted by the out-of-court declarant, but rather as an operative fact to show its effect on the hearer and to prove the good faith of his subsequent conduct. *Ellsworth v. Watkins,* 101 N.H. 51, 132 A.2d 136 (1957); *Emery v. Woodward,* 96 N.H. 61, 69 A.2d 865 (1949); E. Cleary, McCormick on Evidence § 249, at 591 (2d ed. 1972). That the superior court in a trial de novo has the power to waive the filing requirement in a case where injustice will otherwise result has already been settled in *Hallahan v. Riley,* 95 N.H. 419, 65 A.2d 278 (1949).

Having resolved the question of plaintiffs' eligibility, we turn now to the question of the rate at which the Fosters may receive compensation. RSA 282:2-B(1) (Supp. 1975) provides that the maximum benefits payable to an individual in any benefit year are to be determined by his "annual earnings", the term "annual earnings" is defined in RSA 282:1-O(2) (Supp. 1975) to be the wages earned during each "base period" from an employer by an individual "in employment." The base period for the Fosters' benefit year extending from April 1, 1974, to March 31, 1975, was the immediately preceding calendar year, 1973. RSA 282:1-A, -C. The defendant contends that in 1973, the Fosters were only "in employment" after September 10, because prior to that date RSA 282:1-H(4)(d) (Supp. 1972) excluded services performed for a corporation of which the claimant or members of his family held fifty percent of the stock from the term "employment." The defendant therefore maintains that only those wages earned between September 10, 1973, and December 31 of that year may

be included in computing the plaintiffs' benefits in 1974–75 despite the fact that they contributed to the fund throughout 1973.

We do not agree that the legislature intended the result for which the department contends. RSA 282:7-A provides that, except in various situations having no application here, "[a]ny employing unit which is or becomes an employer subject to the provisions of this chapter within any calendar year shall be subject to the provisions of this chapter as of January 1 and for the whole of such calendar year. . . ." Under this provision, Foster Enterprises, Inc., which became an employer subject to the provisions of RSA ch. 282 as to the plaintiffs on September 10, 1973, is considered to have been subject to the statute for the entire calendar year of 1973. Foster Enterprises was, therefore, liable for contributions to the fund on plaintiffs' behalf throughout 1973 by virtue of RSA 282:7-A.

■ We see no basis for a reading of the statutes which would shorten the calendar year for benefit determination purposes, when the clear language of other applicable provisions requires contributions from an employer for an entire calendar year, regardless of when it became an employer, RSA 282:7-A, or how long it had persons in employment, RSA 282:1-G(1)(a) (Supp. 1975). Such a reading would do violence to the relationship of employer contributions to employee benefits contemplated by the statutes.

Accordingly, we hold that the base period wages upon which plaintiffs' annual earnings are to be computed include all wages earned from January 1, 1973, to the end of that year.

*Exceptions overruled.*

DOUGLAS, J., did not sit.