Hillsborough
No. 7470

WILFRED D. DUPUIS

v.

BENJAMIN C. ADAMS, COMMISSIONER

January 31, 1977

*New Hampshire Legal Assistance, Bruce E. Friedman* and *Robert D. Gross,* of Manchester (*Mr. Friedman* orally) for the plaintiff.

*Edward F. Smith, Andre J. Barbeau, Michael M. Black, Paul V. Kenneally* and *Robert L. Hermann, Jr.,* of Concord (*Mr. Barbeau* orally) for the defendant.

Defendant R. C. Foss & Son, Inc., waived filing of brief and oral argument.

PER CURIAM. Plaintiff appealed to the superior court under RSA ch. 282 from a decision of the department of employment security appeal tribunal upholding a determination of his weekly benefit rate. Plaintiff's motion for summary judgment was denied by the Trial Court (*Perkins,* J.), and all questions of law raised by the plaintiff's exception thereto were reserved and transferred.

In 1973 plaintiff Wilfrid Dupuis earned $5,406 from Dupuis & Sons, Inc., a corporation whose capital stock was owned entirely by the plaintiff and his wife. He earned an additional $645 in that same year from Robert Beloin. For the first eight months of 1973, Dupuis was excluded from the coverage of the unemployment compensation statute by RSA 282:1-H(4)(d) (Supp. 1972), which provided that services performed "for a corporation fifty percent of whose stock is held either individually or collectively by [the claimant] and/or [his spouse]" should not be considered "employment" within the meaning of the act. This provision was repealed

by Laws 1973, 589:7, bringing the plaintiff within the act's coverage as of September 10, 1973.

In October of 1974, upon being laid off from work by his current employer, Dupuis applied for unemployment compensation. It was determined that he was entitled to weekly benefits of $17 per week for a period of eighteen weeks, based upon annual earnings received during 1973, his base year, of the $645 from Robert Beloin and the $543 he earned from Dupuis & Sons, Inc., after September 9, 1973.

The plaintiff contends, however, that his entire 1973 earnings from Dupuis & Sons, Inc., should be considered in the determination of his annual earnings. This question is examined in detail in *Foster v. State,* 117 N.H. 16, 370 A.2d 257 (1977), decided this day. In accordance with our discussion therein, we hold that the base period wages upon which plaintiff's annual earnings are to be computed include all wages earned from January 1, 1973, to the end of that year. The plaintiff was, therefore, entitled to judgment as a matter of law and the motion for summary judgment should have been granted.

*Exceptions sustained.*

DOUGLAS, J., did not sit.