Cheshire
No. 82-140

ALBERT A. COUTU & a.

v.

THE STATE OF NEW HAMPSHIRE

March 24, 1983

160

*R. J. Shortlidge, Jr.*, of Keene, by brief and orally, for the plaintiffs.

*Gregory H. Smith*, attorney general (*Daniel J. Mullen*, attorney, on the brief and orally), for the State.

BATCHELDER, J. The sole issue presented in this appeal is whether the record below supports the trial court's finding that the plaintiffs willfully or knowingly failed to disclose a material fact in obtaining benefits from the department of employment security (DES). Laws 1955, 141:20, now codified at RSA 282-A:164 (Supp. 1981). We affirm.

This case arises from the unemployment compensation claims the plaintiff Albert Coutu filed with DES for the weeks of May 21, 1977,

through September 17, 1977, and those claims which the plaintiff Aline Coutu filed from May through September 1980. In November 1980, the appeal tribunal found that the plaintiffs knowingly failed to disclose their self-employment by a family-held corporation, Honey Lane Farm, Inc., a stable and riding school. The appeal tribunal of DES disqualified both plaintiffs from receipt of the unemployment benefits for the weeks that they had received payments, ordered restitution of all benefits received in those weeks, and found them ineligible for benefits for fifty-two weeks. The plaintiffs appealed this decision by bringing an action in superior court. After a hearing, the Trial Court (*Dunn,* J.) affirmed the decision of the appeal tribunal.

The statute governing this case provides:

> "Whoever wilfully makes a false statement or representation or knowingly fails to disclose a material fact, . . . before a representative of the department of employment security of the state of New Hampshire . . . to obtain or increase any benefit or other payment under this chapter, . . . may, in the discretion of the commissioner . . . be determined to be disqualified for benefits for each week directly affected by the false statement or representation or failure to disclose a material fact, and all benefits received for each week of such disqualification shall be deemed overpaid and restitution in an amount equal to such overpayment shall be ordered by the commissioner . . . . In addition to such disqualification he shall be deemed ineligible to receive benefits for not less than 4 nor more than 52 consecutive weeks, beginning with the week in which the decision is made, as determined by the commissioner or his authorized representative."

Laws 1955, 141:20 (now codified at RSA 282-A:164 (Supp. 1981)).

 The determination whether an applicant for benefits has "wilfully" made a false statement or "knowingly" failed to disclose a material fact is factual in nature. *Fleury v. State,* 114 N.H. 528, 531, 323 A.2d 919, 921 (1974). Whether something is a "material" fact is also a factual determination for the trial court. *Id.* Although willfulness and knowledge are difficult to prove, reasonable inferences may be drawn from the evidence to support a finding of willfulness and knowledge. *Hynes v. Whitehouse,* 120 N.H. 417, 420, 415 A.2d 876, 877 (1980).

In this case, there was evidence in the record from which the trial court properly could have concluded that the plaintiffs knowingly failed to disclose the material fact of their participation and

employment in Honey Lane Farm, Inc. Aline Coutu testified that she was engaged in promotional and clerical work for the corporation Honey Lane Farm, Inc., in addition to being its treasurer and director beginning in 1977. The State submitted evidence of a Peterborough newspaper advertisement of the Honey Lane Farm, Inc., dated April 1980, and a *Keene Sentinel* advertisement, dated May 1980. The State also presented correspondence between Aline Coutu and a prospective patron dated July 1980, a period for which the plaintiff was receiving unemployment benefits, that stated the programs at Honey Lane Farm, Inc. were fully subscribed. Finally, there was evidence that the plaintiffs, although not receiving a salary as such, did benefit by rent and mortgage payments made in their behalf by the corporation Honey Lane Farm, Inc.

■ The issue of the materiality of engaging in a business of self-employment is evident from the fact that the information is requested, and the record shows that such information assists the department in determining each applicant's need.

■■ We will not overrule a trial court's findings unless it clearly appears they were made without evidence. *Neilson v. Dept. of Employment Security*, 133 N.H. 642, 644, 312 A.2d 708, 710 (1973); *see also Fleury v. State*, 114 N.H. at 531, 323 A.2d at 921. Accordingly, we hold that the evidence was sufficient to support the trial court's affirmance of the DES appeal tribunal's decision disqualifying the plaintiffs for benefits and requiring them to make restitution of the amounts received.

*Affirmed.*

All concurred.