Hillsborough
No. 83-266

RICHARD K. GRUMET *& a.*

v.

ROBERT A. BRISTOL

October 4, 1984

*Law offices of Robert J. Moses,* of Amherst (*Robert J. Moses* and *J. Alexander MacMartin, Jr.,* on the brief, and *Mr. Moses* orally), for the plaintiffs.

*Spaloss and Rosson,* of Nashua (*Henry F. Spaloss* on the brief), by brief for the defendant, waiving oral argument.

SOUTER, J.   The plaintiffs petitioned the superior court to enjoin the defendant from foreclosing a mortgage. Having found that the plaintiffs had broken the conditions of the note secured by the mortgage, the Court (*Contas,* J.) denied a permanent injunction but enjoined foreclosure for a limited time to allow the plaintiffs to seek alternative financing. Following the denial of their motion for rehearing the plaintiffs appealed. By prior order, this court enjoined foreclosure during the period of appeal. We reverse and remand for entry of a permanent injunction.

In 1979 the plaintiffs purchased real estate from the defendant and gave him a first mortgage to secure a note for a portion of the purchase price. The note provided that installments would be due on the fifteenth of each month and that a default for a period of one month would entitle the holder of the note to treat the entire balance as due at once.

There was evidence of many late payments from 1979 through December, 1982. On January 13, 1983, the plaintiffs sent the defendant a check postdated January 20, 1983, to cover the installment due the previous month plus a charge for late payment. The uncontradicted evidence was that the defendant held the check until January 20, when he deposited it. The same day the defendant's lawyer mailed to the plaintiffs a notice of mortgagee's foreclosure sale, which indicated that the defendant had purported to exercise his rights under the acceleration clause of the note. The plaintiffs then brought this petition to enjoin the foreclosure.

In support of the petition, the plaintiffs sought to prove a modification of the terms of the note and a waiver by the defendant of his right to foreclose. The trial court found that the parties had not agreed to modify the original terms, and we see no basis to disturb that finding. *See Coutu v. State,* 123 N.H. 159, 162, 459 A.2d 236, 238 (1983).

The court rejected the claim of waiver without further discussion of the issue. The scope of the plaintiffs' claim of waiver in the trial court is not wholly clear to us, but the defendant does not dispute that the plaintiffs properly raised the following issue that they have argued on appeal.

The plaintiffs argue in effect that the only conclusion possible on the present record entitles them to a permanent injunction against the foreclosure begun on January 20, 1983. Though it is a rare case in which such a conclusion can be drawn as a matter of law on appeal, this is such a case. Since the conclusion that the plaintiffs seek "is one of law, resting upon undisputed facts, the [implicit] findings and rulings of the Trial Court to the contrary are set aside." *Hartford &c. Ind. Co. v. Come*, 100 N.H. 177, 186, 123 A.2d 267, 274 (1956).

The undisputed evidence is that on January 13, 1983, the plaintiffs in Amherst sent a check to the defendant in Milford in the normal course of the mails and that the defendant received it. In a covering note, one of the plaintiffs explained that they were sending it in payment of the installment then overdue. The evidence is uncontradicted that the defendant deposited the check at his bank on January 20.

The only reasonable inferences from this evidence are that the defendant received the check before January 20 and kept it with the intention of depositing it when it would be payable on demand. There is no evidence even suggesting a contrary conclusion in the defendant's testimony before the superior court. While the record does not reveal whether the deposit of the check or the exercise of the acceleration clause came first on January 20, the deposit is evidence for the conclusion that the defendant kept the check before January 20 with the intention to deposit it and apply any proceeds against the installment then overdue.

RSA 382–A:3–802(1)(b) applies on the basis of these facts. That section provides that "[u]nless otherwise agreed where an instrument is taken for an underlying obligation . . . the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment." The retention of the check with the intention to apply its proceeds to the overdue installment was a taking for an underlying obligation within the meaning of the statute quoted. *See Stream v. C.B.K. Agronomics, Inc.*, 79 Misc. 2d 607, 361 N.Y.S.2d 110 (1974), *modified*, 48 A.D.2d 637, 368 N.Y.S.2d 20 (1975). Consequently, by January 20 the underlying obligation to pay the December installment had been suspended, pending presentment of the check.

██ Since the obligation was suspended, there was, by definition, no default on the obligation during the period of suspension. In the absence of default, the defendant had no right to make a further demand and to elect to accelerate. *See Balmoral Arms v. Rutkin*, 104 N.J. Super. 354, 250 A.2d 50 (1969). During the period of suspension the defendant's position was thus analogous to the position of the mortgagee who accepts payment of an obligation in default before electing to accelerate the balance due. Payment "before election destroys the right to accelerate," and acceptance of payment consequently waives that right. 4 AMERICAN LAW OF PROPERTY § 16.193, at 463 (1952); *see Wilshire Enterprises, Inc. v. Taunton Pearl Works, Inc.*, 356 Mass. 675, 255 N.E.2d 375 (1970); *cf. Silver v. First National Bank*, 108 N.H. 390, 236 A.2d 493 (1967); *Dugan v. Association*, 92 N.H. 44, 23 A.2d 873 (1942).

█ In summary, the defendant purported to act on the basis of a default during the very time that his right to claim the default was suspended. As a matter of law, therefore, his purported election to accelerate had no legal effect, and his commencement of foreclosure proceedings was unauthorized. The plaintiffs were consequently entitled to a permanent injunction against the foreclosure begun on January 20, 1983. We remand the case for entry of that injunction.

*Reversed and remanded.*

All concurred.