Department of Employment Security
No. 94-184

APPEAL OF WILLIAM A. HICKEY, JR.

(New Hampshire Department of Employment Security)

June 6, 1995

*Coughlin & Rainboth, P.A.,* of Portsmouth (*Timothy C. Coughlin* on the brief and orally), for the claimant.

*Jeffrey R. Howard,* attorney general (*Daniel J. Mullen,* senior assistant attorney general, on the brief and orally), for the State.

*New Hampshire Legal Assistance,* of Claremont (*Jonathan P. Baird* on the brief), for Daniel Marcou, as *amicus curiae*.

JOHNSON, J. The claimant, William A. Hickey, Jr., appeals from a decision of the department of employment security (DES) that denied his request for unemployment compensation benefits on the ground that Hickey "left his self-employment or closed his business." RSA 282-A:32, I(c) (1987 & Supp. 1994). Hickey contends that the decision is erroneous because the closure of his business was involuntary. We affirm.

In November 1987, Hickey started a business called Hickey Oil Corporation with a $175,000 line of credit. Hickey was the sole stockholder and president. Although the company did not make a profit, it paid Hickey more than $34,000 each year. In addition, Hickey's wife received compensation from the corporation. In April 1993, the lender withdrew its financial support from the corporation by calling two demand notes. In June 1993, Hickey closed the Hickey Oil Corporation and applied for unemployment benefits. He had reached age sixty-five on May 29, 1993.

The DES certifying officer declined to grant Hickey unemployment compensation, and he appealed. Hickey received a hearing before the appeal tribunal, which held that RSA 282-A:32, I(c) disqualified him from receiving benefits. He requested that the commissioner reopen the case, but his request was denied. He appealed to the appellate board, which sustained the appeal tribunal decision. He filed a motion to reconsider, which was denied, and this appeal followed.

On appeal Hickey argues that formerly self-employed applicants should not be disqualified from receiving unemployment benefits after financial straits have required them to close their businesses. The State argues that the plain language of RSA 282-A:32, I(c) renders business entrepreneurs ineligible for unemployment benefits.

> The interpretation of a statute is to be decided ultimately by this court. We begin by examining the plain language of the statute using the ordinary meanings of the words to determine legislative intent. While legislative history may be helpful in the interpretation of an ambiguous statute, it will not be consulted when the statutory language is plain. We interpret legislative intent from the statute as written, and therefore, we will not consider what the legislature might have said or add words that the legislature did not include.

*Petition of Walker,* 138 N.H. 471, 474, 641 A.2d 1021, 1024 (1994) (citations omitted).

RSA 282-A:32, I(c) states:

> *Disqualifications for Benefits.* An individual shall be disqualified for benefits:

> I. Until he has earned in each of 5 weeks wages in employment as defined in RSA 282-A:9, except RSA 282-A:9, IV(f), or wages earned in a like manner in another state, of at least 20 percent more than his weekly benefit amount in effect when the act occurs, subsequent to the date:

> . . . .

> (c) He left his self-employment or closed his business.

Despite the unambiguity of this language, Hickey argues that we should read a voluntariness requirement into the statute. He contends that "the record below, as well as procedural notices from the DES" indicate that the DES grants unemployment compensation to previously self-employed applicants who have closed their businesses because of financial hardship. Specifically, Hickey asserts that the DES erred because it considered whether Hickey took "measures reasonably calculated to continue in business," but then based its decision on the plain statutory language.

Applying the clear and unambiguous terms of RSA 282-A:32, I(c) to the facts of this case, the DES reached the correct decision. The statute contains no provision granting relief to a person whose entrepreneurial business fails because of circumstances beyond his or her control. Whether the DES improperly considered the circumstances surrounding the demise of the Hickey Oil Corporation is therefore irrelevant. *Cf.*

*Sprague v. Town of Acworth,* 120 N.H. 641, 644, 419 A.2d 1075, 1076 (1980) (when correct decision is made on mistaken grounds, court will sustain decision if record contains valid grounds to support it).

Hickey also relies on a sentence from *Appeal of Durocher,* 137 N.H. 437, 629 A.2d 94 (1993), in which we stated that the claimants in that case were not ineligible for unemployment benefits just because they had started a business. *Id.* at 443, 629 A.2d at 98. He takes this statement out of context. We discussed self-employment in *Durocher* only as a factor in determining whether the claimants were unemployed and in evaluating their commitment to finding full-time work. *Id.*

Finally, Hickey cites *Foster v. State,* 117 N.H. 16, 370 A.2d 257 (1977). *Foster,* which is based on former law, is also inapposite. At the time of the *Foster* decision, the "disqualification for benefits" provision did not automatically deny compensation to people who were self-employed just before becoming jobless. *See id.* at 19, 370 A.2d at 259; RSA 282:4 (1977 & Supp. 1977). Following *Foster,* the legislature enacted RSA 282-A:32, I(c), which controls the present case. The legislative enactment following the *Foster* decision signifies the legislature's intent to withhold benefits from unemployed business entrepreneurs such as Hickey. *Cf. State v. Hermsdorf,* 135 N.H. 360, 363, 605 A.2d 1045, 1047 (1992) ("In enacting legislation, the legislature is presumed to be aware of the common law.").

Because Hickey is ineligible for unemployment benefits under the clear and unambiguous language of RSA 282-A:32, I(c), we uphold the DES decision.

*Affirmed.*

All concurred.