Rockingham,
No. 5617.

PETITION OF ARTHUR HARVEY.

Argued May 3, 1967.
Decided June 30, 1967.

*Arthur Harvey* ( by brief and orally ), pro se.

*Robert G. Whitman* ( by brief and orally ), for the town of Raymond.

DUNCAN, J. The petitioner was committed under the authority of RSA 80:12, and raises no question in this court concerning either his obligation to pay the tax, or the collector's compliance with the statute. See RSA 80:1, 2; Laws 1963, 51:6; Laws 1965, 111:6; Note, RSA ch. 80 ( supp ). He contends that his commitment pursuant to the statute was in violation of his constitutional rights, and in particular of rights granted by the Constitution, Part I, Articles 15th and 37th, and Part II, Article 4th. In relying upon Article 15th, *supra*, however, he does not seek the appointment of counsel, but argues that, taken together, the Articles relied upon guarantee him a right to "judicial process" to determine whether he "is properly subject to that penalty; whether he had goods and chattels; and the length of any jail term imposed."

Article 15th applies primarily to subjects "held to answer for any crime, or offense." It has long been settled that the collection of taxes by the method here employed is a civil and not a criminal process. "The purpose of the arrest and of the commitment to jail is not to punish the prisoner as a criminal for failure to pay the tax assessed against him, but to compel the payment of the tax as a civil obligation." *Spinney* v. *Seabrook*, 79 N. H. 34, 35.

The question of the length of incarceration is determined by the statute. The person committed is to be detained in the custody of the jailer "until he pays such tax, cost of commitment and charges of imprisonment, or until he is otherwise discharged by due course of law . . . ." RSA 80:13.

The validity of the plaintiff's commitment would not be affected by the circumstance, if true, that he had "goods and chattels whereon to make distress." RSA 80:12, *supra*. We see no reason to depart from the statement made in *Kinsley* v. *Hall*, 9 N. H. 190, 193-194: "If the party cannot or will not pay his tax . . .

and would avoid the arrest of his person . . . he should at least produce his property to the collector, and, if required, give him sufficient indemnity against any claims of third persons. " " [ T ]he collector is not obliged to make unsuccessful search for property, in order to lay the foundation for an arrest of the delinquent taxpayer. " *Osgood* v. *Welch*, 19 N. H. 105, 108. See also, *State* v. *Roberts*, 52 N. H. 492.

The more fundamental contention underlying the plaintiff's argument, that he is entitled to judicial determination of his liability to commitment ( see *Dederick* v. *Smith*, 88 N. H. 63, 71 ), was answered long ago, and has been refuted by settled practice since. Article 15th, Part I of the Constitution provides in part that no one can be " deprived of his . . . liberty, or estate but by the judgment of his peers, or the law of the land. " " ' Law of the land ' in this article means due . . . process of law. " *Opinion of the Justices*, 66 N. H. 629, 633. In *Palmer* v. *McMahon*, 133 U. S. 660, 669 - 670, the court pointed out: " Collection by distress and seizure of person is of very ancient date . . . We do not regard the collection in this way, founded on necessity and so long recognized . . . and operating on all persons and property similarly situated, as within the inhibitions of the Fourteenth Amendment. " See also, *Murray's Lessee* v. *Hoboken Land Co.*, 18 How. 272.

The plaintiff's right to judicial process was afforded by appeal from any adverse executive or administrative determination upon an application for abatement of the tax. RSA 76:16, 16 - a( supp ), 17 ( supp ). Since he sought no such determination and claimed no right to abatement, his commitment in enforcement of his established tax liability ( *Nottingham* v. *Company*, 84 N. H. 419 ) was in accordance with " the law of the land. " Const., Pt. I, *Art.* 15th, *supra*; *Opinion of the Justices*, 66 N. H. 629, 633, *supra*. The guarantees of Article 15th, Part I of the New Hampshire Constitution and the provisions of other Articles relied upon by the plaintiff are not violated by the statutes under which he was committed.

Accordingly the order is

*Exceptions overruled.*

All concurred.