Hillsborough
No. 6954

CLIFFORD N. WHEELER

v.

STATE OF NEW HAMPSHIRE *& a.*

June 30, 1975

*New Hampshire Legal Assistance* and *Bruce E. Friedman (Mr. Friedman* orally) for the plaintiff.

*Edward F. Smith, Joseph Stewart* and *Andre J. Barbeau (Mr. Stewart* orally) for the defendant New Hampshire Department of Employment Security.

LAMPRON, J. Appeal from an order of the Superior Court (*Dunfey*, J.) dismissing, after a de novo hearing, plaintiff's appeal from a decision of the appeal tribunal affirming the decision of the commissioner of employment security that plaintiff knowingly failed to disclose job offers of suitable work made to him on June 4 and June 11, 1971, thus subjecting him to penalties provided by RSA 282:14D. *See* RSA 282:3, :4M (Supp. 1973). Plaintiff filed a motion to set aside the trial court's order on the following grounds: (1) there was no evidence of job offers made to him; (2) the appeal tribunal violated regulations 16 (d) and (g) of the department; (3) the appeal tribunal's procedure violated plaintiff's rights of due process in that he was denied the right to confront and cross-examine his accusers; and (4) this constitutionally defective hearing could not be cured by the subsequent de novo hearing in the superior court. Plaintiff's exception to the denial of this motion was reserved and transferred.

Plaintiff, employed by a subsidiary of G.M. Plumbing, Heating and Oil, Inc., was laid off due to lack of work. He claimed total unemployment compensation benefits for the weeks ending June 5, 1971, through the week ending August 7, 1971. He received benefits at the rate of $49 weekly for the weeks ending June 5, 1971, through the week ending July 17, 1971. On August 18, 1971, the commissioner found and ruled that plaintiff knowingly gave incorrect information when he failed to disclose offers of suitable work made to him on June 4 and June 11, 1971. He was ordered to repay $343 of benefits received, declared ineligible to receive benefits for one year, and his maximum benefits were reduced for the years 1971-1973. RSA 282:14.

The basis of the commissioner's decision was a sworn statement dated August 16, 1971, executed by Paul D. Morrissette, president of G.M. Plumbing, Heating and Oil and filed with the department. Morrissette stated in this affidavit that on June 4, 1971, a representative of the company went to plaintiff's residence. As he was absent, plaintiff's wife was told "to have her husband report to work the next day", which plaintiff failed to do. Morrissette further stated that on June 11, 1971, the same company representative delivered a note at plaintiff's residence informing him "to please call this office at your convenience." Plaintiff did not respond to this note and did not report to work as directed. The affidavit stated that it was G.M. Plumbing's intention to give plaintiff his old job back and he could have been directed to start work on June 7, 1971. The commissioner's decision was unanimously affirmed by the appeal tribunal.

The evidence before the superior court at the de novo hearing consisted of the record of the prior proceedings in the department, the in-court testimony of the plaintiff, of his former employer Morrissette, of a former employee of G.M. Plumbing, named Savage, who visited plaintiff's house on June 4 and 11, 1971, and of Cremin, an investigator for the department. Their testimony was conflicting. Savage testified that he had visited plaintiff's residence on those dates but that there was no offer of work made. Cremin testified that Savage had told him in an interview on July 23, 1971, that he had gone to plaintiff's house on June 4 and 11, 1971, to offer him a job and no response followed. Morrissette testified that there was work available for plaintiff and that he sent Savage to his residence for the purpose of offering him work. Plaintiff denied any knowledge of Savage visiting his home and talking to his wife, or leaving a note or that a job was available with G.M. Plumbing. A statement in the department's brief that "Mrs. Wheeler was present in the courtroom but she was not called by the plaintiff to testify" has not been challenged in plaintiff's main or reply briefs.

The obvious purpose of a trial de novo by the superior court is to permit a substitution of the conclusions of the court for those of the appeal tribunal and of the commissioner, all of which in this case were the same. *Fleury v. State,* 114 N.H. 528, 531, 323 A.2d 919, 921 (1974). " 'It is well known in this jurisdiction that the findings of the trial court will not be overruled unless it clearly appears they were made without evidence.' " *Id.* The conflicts in the evidence presented questions to be resolved by the trial court whose province it was to judge the credibility and veracity of the witnesses. *Wilson v. LeGrice,* 113 N.H. 485, 309 A.2d 646 (1973). On the evidence presented the trial court could properly find and rule that the employer had offered plaintiff a job and that plaintiff knowingly failed to disclose this fact in violation of the pertinent provisions of RSA ch. 282.

We do not agree with plaintiff's contention that the department violated its rules 16 (d) and (g) by accepting an affidavit in lieu of personal appearance. Law, Rules & Regulations, Department of Employment Security of the State of New Hampshire (1973) Rule 16 (d) reads: "The interested parties shall be present and ready with all witnesses . . . ." This rule is designed to insure the expeditious resolution of appeals by having the parties ready with their evidence at the time set for hearing. It imposes no limitation on the type of evidence which can be considered by the appeal tribunal such as testimony offered by affidavit. *See* RSA 282:5 C (4). Rule 16 (g)

provides that "[t]he chairman of an appeal tribunal shall determine all questions as to the admissibility of evidence. All members of the tribunal may examine a witness. The chairman shall swear all witnesses . . . . An appeal tribunal may, after closing a hearing, take additional evidence, but if such is done in the absence of those interested parties who attended the hearing, they shall be afforded an opportunity to examine and refute such evidence . . . ." Read in full this rule evidences an intent to allow liberal rules regarding the admissibility of evidence. *See* K. Davis, Administrative Law, Text § 14.01 (3rd ed. 1972). It does not prohibit the appeal tribunal from considering testimony offered by affidavit.

Plaintiff's third ground of asserted error is that the appeal tribunal, by accepting the testimony of Morrissette on behalf of the employer in affidavit form rather than through his personal appearance at the hearing, denied plaintiff his constitutional right of due process guaranteed by the fourteenth amendment to the United States Constitution and part I, article 15 of the New Hampshire constitution. *See Petition of Harvey,* 108 N.H. 196, 198, 230 A.2d 757, 758 (1967). The issues raised by this contention are whether the right to due process is applicable to this type of proceeding, and, if so, what procedure must be provided. Note, *Procedural Due Process,* 88 Harv. L. Rev. 1510 (1975).

In *Goldberg v. Kelly,* 397 U.S. 254 (1970), it was held that the due process clause of the fourteenth amendment mandated that an evidentiary hearing had to be held before welfare benefits could be terminated. It is not the characterization of a governmental benefit as a right or a privilege which determines whether it is protected by procedural due process, but rather whether the interest sought to be protected is within the fourteenth amendment's contemplation of a property interest. *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972); *Board of Regents v. Roth,* 408 U.S. 564, 569 (1972); *Graham v. Richardson,* 403 U.S. 365, 374 (1971). Plaintiff Wheeler had the same type of statutorily grounded claim of entitlement to, or property interest in, unemployment compensation benefits that the welfare recipients had in the *Goldberg* case. *Board of Regents v. Roth, supra* at 577; *Pregent v. New Hampshire Dep't of Employment Security,* 361 F. Supp. 782 (D.N.H. 1973); *Wheeler v. Vermont,* 335 F. Supp. 856 (D. Vt. 1972); *Daniels v. Commonwealth, Unemp. Comp. Bd. of Rev.,* 10 Pa. Comm. 241, 309 A.2d 738 (1973); Note, *Due Process Requirements in Payment and Termination of Unemployment Compensation Benefits,* 78 Dick. L. Rev. 572 (1973); *see Goss v. Lopez,* 419 U.S. 565 (1975).

Plaintiff was therefore entitled to procedural due process in his hearing before the appeal tribunal of the department.

This raises the second issue, that is, what procedures are required by that right. Their form depends upon a balancing of the conflicting interests in which the individual's need for procedural safeguards is weighed against the governmental interest in summary or informal action. *Goldberg v. Kelly,* 397 U.S. 254, 262-63 (1970); *Wolff v. McDonnell,* 418 U.S. 539, 560-72 (1974). The Court in *Goldberg, supra* at 269-70, held that "[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses . . . 'whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness . . . [or similar motives].' " The testimony of Morrissette on behalf of the employer was important and the plaintiff had the right to have him appear and testify to the facts subject to cross-examination so that a proper evaluation of the controlling happenings could be made.

However, denial of that right did not result in ultimate prejudice to the plaintiff. He appealed the appeal tribunal's decision to the superior court, which heard the case de novo and afforded plaintiff an opportunity to confront and cross-examine the employer's representative, Morrissette. In dismissing plaintiff's appeal the court impliedly found that plaintiff had knowingly failed to disclose an offer of suitable employment as did the commissioner and the appeal tribunal. There is no evidence that the prior denial of plaintiff's rights to procedural due process affected the court's decision or that he was denied thereby benefits to which he was entitled. *See Paskaly v. Seale,* 506 F.2d 1209 (9th Cir. 1974). Hence, he has no right to a remand to the appeal tribunal to correct constitutional infirmities which were remedied in the superior court. K. Davis, Administrative Law Text § 7.11 (3rd ed. 1972).

*Exception overruled.*

All concurred.