Hillsborough
No. 78-027

PAUL NIZZA

v.

BENJAMIN C. ADAMS, COMMISSIONER,
DEPARTMENT OF EMPLOYMENT SECURITY, & a.

May 17, 1978

*New Hampshire Legal Assistance*, of Manchester (*Elliott Berry* orally), for the plaintiff.

*Edward F. Smith* and *Lonnie E. Siel*, of Concord (*Mr. Siel* orally), for the New Hampshire Department of Employment Security.

*Green & Green*, of Manchester, filed no brief for defendant Leo F. Seelig.

GRIMES, J.     The first issue is whether at a de novo hearing pursuant to RSA 282:5 G(3) the trial court may deny a claimant unemployment benefits for "voluntarily leaving employment without good cause" when the department had not raised that reason for disqualification in any of the prior proceedings. We hold that it may not. The second issue is whether both of the appeal tribunal's reasons for disqualification were reversed by the findings of the trial court. We hold that they were.

The plaintiff worked as a hearing aid salesman for defendant Leo F. Seelig, d/b/a Beltone Hearing Aid Service from February 1973, until November 1974. In the latter part of November 1974, the plaintiff left Beltone due to the lack of business and opened an office in Manchester, attempting to sell hearing aids on his own. This attempt at self-employment lasted two months. Upon the closing of his business, plaintiff began searching for full-time employment. Plaintiff initiated a claim for unemployment compensation benefits on January 31, 1975. The certifying officer denied the claim because the plaintiff was still engaged in self-employment and not unemployed. Plaintiff appealed the decision of the certifying officer to the appeal tribunal of the department of employment security. RSA 282:5 B(6). A hearing was held on July 31, 1975. On August 5, 1975, the appeal tribunal disqualified the plaintiff on two grounds: that he did not show he was "ready, willing, and able to accept and perform suitable work on all of the shifts and during all of the hours for which there is a market for the services he offers or that he has exposed himself to employment to the extent commensurate with the economic conditions and the efforts of a reasonably prudent person seeking work;" and that "[t]he claimant is engaged in self-employment and is employed and not unemployed."

Plaintiff appealed this determination to the superior court. The Trial Court (*Flynn*, J.) ruled that the plaintiff had removed himself from the class entitled to the protection of the Unemployment Compensation Act because he had left his work "voluntarily without good cause." RSA 282:4 A(1) (Supp. 1975). Plaintiff filed two motions for reconsideration. The first, a motion for clarification and/or reconsideration and/or rehearing, urged the court to reconsider the basis of its decision and alleged error in that the court disqualified plaintiff for longer than the statutory penalty period of twenty-six weeks. RSA 282:4 A (Supp. 1975) *as amended* (Supp. 1977). Plaintiff's second motion urged reconsideration based upon this court's decision in *Foster v. State*, 117 N.H. 16, 370 A.2d 257 (1977). Both motions were denied. On August 2, 1977, *Flynn, J.* transferred plaintiff's exceptions.

In *Harkeem v. Adams*, 117 N.H. 687, 377 A.2d 617 (1977), this court held that "the superior court's de novo review takes place within the parameters set by the claimant's petition." *Id.* at 692, 377 A.2d at 620. In other words, the superior court's review is limited to a de novo hearing on the "grounds upon which it is claimed that the appeal tribunal's decision is in error." *Id.* The purpose of this requirement is to allow the claimant the opportunity to prepare a case to rebut the specific reasons for denial of benefits to him. Without this narrowing of the issues the claimant would have to be prepared to present evidence and persuade the trier on all of the statutory criteria, RSA 282:3 A–F, :4 A–M *as amended* (Supp. 1975), *as amended* (Supp. 1977), a requirement that would deprive plaintiff of due process of law. N.H. CONST. pt. 1, art. 15; *cf. Pregent v. New Hampshire Dept. of Emp. Sec.*, 361 F. Supp. 782 (D.N.H. 1973) (three-judge court), *vacated and remanded to consider mootness*, 417 U.S. 903 (1974).

Defendants argue that RSA 282:1 V (Supp. 1977) added by Laws 1977, 441:15, might somehow change the ruling in *Harkeem*. This section, adopted on July 5, 1977, prior to our holding in *Harkeem*, provides: " 'De Novo' means anew; afresh; a new trial on all issues and a full hearing on the merits in no way restricted by what occurred before." This section merely sets forth the general rule that the material issues of the original hearing will be retried as if they had not been heard before, as if no decision had been previously entered, and without any presumptions in favor of the appeal tribunal's judgment. The superior court must hear the evidence again, determine its probative value, and then form its own independent

conclusions on the evidence presented. "The obvious purpose of a trial de novo by the superior court is to permit a substitution of the conclusions of the court for those of the appeal tribunal and of the commissioner. . . ." *Wheeler v. State*, 115 N.H. 347, 350, 341 A.2d 777, 780 (1975), *cert. denied*, 423 U.S. 1075 (1976); *accord Fleury v. State*, 114 N.H. 528, 531, 323 A.2d 919, 921 (1974). Nothing in the language of this section indicates that a contrary result should be reached in this case.

■■ The court therefore should have limited its review to the issues raised by the appeal tribunal's decision: whether plaintiff was self-employed and whether he was available for work as defined by RSA 282:3 C (Supp. 1975). The court's findings, if any, on these two issues will not be overruled unless it clearly appears that they were made without evidence to support them. *Wheeler v. State*, 115 N.H. at 350, 341 A.2d at 780. The trial court expressly found that "[t]he attempt at self-employment lasted two months when, running out of funds, the plaintiff had to close his business." The trial court's reversal of the appeal tribunal's finding on the issue whether the plaintiff was still engaged in self-employment is supported by ample evidence in the record.

No express finding was made on the plaintiff's availability for work. Nevertheless we believe that the trial court would not have considered a third ground for disqualification if the trial court had not found that the plaintiff was available for work. There is ample evidence to support this implied finding. *See Cushing v. Thomson*, 118 N.H. 292, 386 A.2d 805 (1978). Both grounds for the appeal tribunal's decision were, therefore, reversed by the superior court and judgment is entered for plaintiff.

*Exceptions sustained.*

All concurred.