Merrimack
No. 78-019

CHARLES & NANCY, INC.
AND
NEW HAMPSHIRE INSURANCE COMPANY

v.

ANDREW F. ZESSIN
AND
ROBERT M. DUVALL, LABOR COMMISSIONER

September 18, 1978

*Devine, Millimet, Stahl & Branch*, of Manchester (*Alice S. Love* orally), for the plaintiffs.

*Sulloway, Hollis, Godfrey & Soden*, of Concord (*Michael M. Ransmeier* orally), for defendant Zessin.

PER CURIAM. The issue in this case is whether a superior court may deny workmen's compensation benefits for a reason that was not raised in the formal hearing before the labor commissioner. In June 1974 Andrew Zessin suffered pains in the left hip and buttock in the course of his employment with Charles & Nancy, Inc. Zessin consulted Doctors Howard Lightfoot and Preston Clark concerning the pains. Both doctors ordered x-rays, certain bills for which were mailed to Charles & Nancy, Inc., in March 1975. The employer referred the matter to its insurer, which refused payment on the grounds that Zessin's injury was not work related. RSA 281:2 V. In a formal hearing before the labor commissioner, employer and employee litigated the single issue of work relatedness. The commissioner found that Zessin was injured while working and awarded him medical and disability benefits. Charles & Nancy, Inc., appealed to superior court under RSA 281:37 on the issue of work relatedness. It also raised the additional issue of untimely notice during trial. The Master (*Leonard C. Hardwick*, Esq.) upheld the commissioner on the issue of work relatedness and awarded medical benefits, but he found that Zessin had not notified his employer of the injury within the period required by RSA 281:16. For that reason he barred the claim for disability benefits. A post-hearing offer of proof on the notice issue was denied.

Zessin and the labor commissioner appeal to this court claiming that the master erred in considering the notice issue, in denying the post-hearing offer of proof, and in failing to rule that the discovery rule tolls the running of the statutory notice period until the claimant becomes aware that he has suffered a work-related injury. Charles &

Nancy, Inc., and the New Hampshire Insurance Company assert that the master's finding of untimely notice bars any award. *Johnson, J.,* approved the master's report and all exceptions were reserved and transferred to this court. We hold that the master erred in considering notice and do not reach the other issues.

In *Harkeem v. Adams,* 117 N.H. 687, 692, 377 A.2d 617, 620 (1977), we held that in the de novo trial authorized by RSA 282:5 G, superior court review is limited to issues raised in the complaining party's petition. *Nizza v. Adams,* 118 N.H. 383, 386, 387 A.2d 336, 338 (1978), further limited the superior court's de novo review to issues raised in prior proceedings. Both decisions were based in part on this court's understanding of the term "de novo" as it appears in the context of RSA 282:5.

RSA 281:37 I speaks of a "full trial" rather than of "de novo" review. The employer argues that in using the phrase "full trial" the legislature intended to allow the litigation of new issues on appeal. However, RSA 281:37 I also says that in the hearing before the commissioner "it shall be incumbent upon all parties to present *all available evidence.*" (Emphasis added.) The employer's interpretation of the phrase "full trial" divests the admonition "all available evidence" of any practical significance. We believe the legislature intended no such effect. *Cf.* 2A C. Sands, Sutherland Statutory Construction § 46.06 (4th ed. 1973). The general purpose of RSA 281:37 is to permit a substitution of the conclusions of the court for those of the commissioner. *Cf. Wheeler v. State,* 115 N.H. 347, 350, 341 A.2d 777, 780 (1975), *cert. denied,* 423 U.S. 1075 (1976). This purpose is served when the superior court rehears the evidence introduced below, determines its probative value, and forms an independent conclusion. *Nizza v. Adams,* 118 N.H. at 385, 386, 387 A.2d at 338.

Moreover, this court recognizes that our Workmen's Compensation Law contains several criteria to evaluate a claim. Without a narrowing of issues on appeal, the claimant is unreasonably burdened with the task of preparing evidence and argument relevant to each of the many statutory criteria. *Nizza v. Adams,* 118 N.H. at 385, 387 A.2d at 338. We reverse the superior court's denial of disability benefits and direct that the commissioner's decision be implemented.

*Plaintiff's exceptions overruled;*
*defendant's exception sustained in part.*

BROCK, J. did not sit.