Rockingham
No. 79-306
Strafford
No. 79-307

APPEAL OF CHERYL FOURNIER & a.

v.

THE STATE OF NEW HAMPSHIRE & a.

JANET GREENWOOD

v.

COMMISSIONER, NEW HAMPSHIRE DEPARTMENT OF
EMPLOYMENT SECURITY & a.

April 17, 1981

284

*Alan Cronheim*, New Hampshire Legal Assistance, by brief and orally (*Naomi Karp* also on the brief), for the plaintiffs.

*Daniel J. Mullen*, New Hampshire Department of Employment Security, by brief and orally (*Edward F. Smith* also on the brief), for the defendants.

BROCK, J. The principal issue in these consolidated appeals involving three plaintiffs is whether an appeal tribunal of the New Hampshire Department of Employment Security may consider issues not specifically considered or decided by a certifying officer in conducting its de novo review of the certifying officer's initial award or denial of benefits and, in reaching its decision, rely upon reasons or grounds neither relied upon by the certifying officer nor previously raised by the parties in interest. Because of our ruling on this issue it is not necessary that we address the question whether plaintiffs can maintain these cases as class actions.

Two of the three plaintiffs, Cheryl Fournier and Marion B. Hill, individually and on behalf of all others similarly situated, filed a bill in equity and petition for injunctive and declaratory relief in the Rockingham County Superior Court. They contend that the appeal tribunal in its de novo review of a certifying officer's denial of benefits did not have the authority to deny them benefits on grounds other than those relied upon by the certifying officer. They also argue that the appeal tribunal's decision violates RSA 282:5 B(2), :5 C(4); 42 U.S.C. §§ 503(a)(3), 1983; pt. I, art. 15 of the New Hampshire Constitution and the Fourteenth Amendment of the Constitution of the United States. The Superior Court (*King,* J.) reserved and transferred certain questions of law involved in these cases.

The third plaintiff, Janet Greenwood, appealed to the Strafford County Superior Court from the decision of an appeal tribunal that she must make restitution of $1,365 that she had been overpaid in unemployment compensation benefits. The facts surrounding her appeal are more involved. Having been employed at the New-market Day Care Center since November 1974, she left her employment there on August 26, 1977, and worked at Lee Hill Pottery for three weeks before she was laid off. Mrs. Greenwood was initially awarded unemployment benefits by a certifying officer, but the day-care center, her most recent employer and the one whose account was to be charged for benefits paid her, appealed that determination to an appeal tribunal, claiming that she was not eligible for benefits because she had voluntarily quit her job. After a tangle of proceedings not necessary to relate in detail here, and a determination by another certifying officer that she was not genuinely attached to the labor market, the appeal tribunal denied her benefits and ordered her to make restitution because she had voluntarily quit her employment and because she was not attached to the labor market.

Plaintiff Greenwood now acknowledges that she did voluntarily leave her employment at the day-care center on August 26, 1977, but the parties agree that she earned sufficient wages at Lee Hill Pottery to requalify her for benefits as of September 18, 1977. Accordingly, Mrs. Greenwood can be denied unemployment benefits for the period of September 18 to December 31, 1977, only if the appeal tribunal could properly consider the issue of attachment to the market and rely on it in denying benefits, when Mrs. Greenwood's employer had never raised that issue before either the certifying officer or the appeal tribunal. Plaintiff Greenwood contends that the appeal tribunal's decision violates RSA 282:5 B(2), :5 C(1), :5 C(4), 42 U.S.C. § 503(a)(3), N.H. CONST. pt. I, art. 15 and U.S. CONST. amend. XIV. The Superior Court (*Mullavey*, J.) approved an interlocutory transfer without ruling on the question of law presented by this case.

A brief review of the statutorily prescribed procedure for the determination of unemployment compensation benefits is helpful to an understanding of the plaintiffs' claims.

The initial determination of claims is made by a certifying officer, RSA 282:5 B(2), who may be either the commissioner or more likely his authorized representative. Any interested party may appeal from an adverse determination and decision of a certifying officer "to an impartial tribunal appointed by the commissioner." RSA 282:5 B(6), :5 C(1) (Supp. 1979). The appeal tribunal hears the appeal de novo and is not bound by "prior findings or

determinations of the department." RSA 282:5 C(4). The tribunal shall conduct the hearings "in such a manner as to ensure a fair and impartial hearing to the interested parties." RSA 282:5 C(4).

 If an appeal tribunal determines in advance of hearing that it will raise new grounds for the denial of unemployment benefits at its hearing, due process and elementary fairness, 42 U.S.C. § 503(a)(3), 1983; pt. 1, art. 15 of the New Hampshire Constitution and the Fourteenth Amendment of the Constitution of the United States, require that the claimant be notified to that effect prior to the hearing, or if new grounds for denial arise during the course of the hearing, the claimant should be given a reasonable period of time to challenge the new grounds. *See Royer v. State Dep't of Empl. Security*, 118 N.H. 673, 394 A.2d 828 (1978).

> "The fundamental requisite of due process is the opportunity to be heard, and that opportunity is useless unless one is informed of the matter pending and the hearing is granted at a meaningful time and in a meaningful manner."

*Id.* at 679, 394 A.2d at 831.

 In the cases now before us, the records indicate that none of the plaintiffs requested additional time to respond to or present evidence in connection with the new grounds raised by the tribunal for the first time at their hearings. All plaintiffs were represented by counsel at the time of their hearings. The burden is on the claimant to request more time to respond to any new grounds raised. If the claimant makes a legitimate request, the tribunal must afford a reasonable amount of time to allow him to present evidence or prepare an answer or rebuttal. *See Royer v. State Dep't of Empl. Security supra; Nizza v. Adams*, 118 N.H. 383, 387 A.2d 336 (1978). Since such a request was not made by any of the plaintiffs or their counsel, the appeal tribunals understandably proceeded with their hearings. Because the plaintiffs have failed to establish that the tribunals did not have the authority to raise these new grounds, we cannot agree that their rights to a fair hearing have been violated. RSA 282:5 C(4).

 The plaintiffs further argue that we should hold that, as is the case on appeals taken by claimants to the superior court (RSA 282:5 G), de novo review by the appeal tribunal within the department of employment security is limited to those issues raised by the claimant when he appeals from the certifying officer's denial of benefits. The plaintiffs rely upon *Nizza v. Adams*

*supra*, where we held that the trial court should limit its "review to the issues raised by the appeal tribunal's decision." 118 N.H. at 386, 387 A.2d at 338. Nowhere in that opinion, however, does this court suggest that the issues subject to de novo review by the appeal tribunal should be similarly restricted for either the claimant or the State. Further, as the defendants point out in their brief, the appeal tribunal, unlike the superior court under RSA 282:5 G, has authority under RSA 282:5 C(6) (Supp. 1979) to "determine all things necessary to finally dispose of the case." In addition, under regulation 16(e) of the department of employment security, "any issue relevant to the claim shall be considered at the hearing."

We conclude that the plaintiffs have failed to establish that they have been denied due process and to meet their burden of proof that the appeal tribunal acted without proper authority in the disposal of their claims.

*Remanded.*

KING, J., did not sit; DOUGLAS, J., dissented; the others concurred.

DOUGLAS, J., dissenting: Because I would hold the appeal tribunal to the same due process standards that apply to claimants' appeals in superior court, I dissent. See U.S. CONST. amend. XIV; N.H. CONST. pt. I, art. 15.