Ralph N. GONZALES, Appellant,

v.

TEXAS EMPLOYMENT COMMISSION
and the City of San Antonio,
Appellees.

No. 16874.

Court of Appeals of Texas,
San Antonio.

March 30, 1983.

Rehearing Denied June 3, 1983.

Charles G. Childress, Legal Aid Ass'n, San Antonio, for appellant.

Diane Van Helden, Asst. Atty. Gen., Austin, Steven W. Arronge, Asst. City Atty., San Antonio, for appellees.

Before CADENA, C.J., and ESQUIVEL and REEVES, JJ.

## OPINION

REEVES, Justice.

Appellant, Ralph N. Gonzales (Gonzales), a former employee of appellee, City of San Antonio (City) appeals a judgment entered in the County Court at Law No. 3, Bexar County, Texas, the Honorable Ben N. Sample, Judge Presiding, upholding the decision of appellee, Texas Employment Commission (TEC) disqualifying Gonzales from compensation benefits, and ordering reimbursement of compensation benefits paid to Gonzales. We reverse the judgment of the trial court and remand to the TEC for an administrative hearing.

Gonzales was employed in the Animal Control Section of the City. On July 22, 1978, a group of employees in the Garbage

Collection Department of the City, organized under the name San Antonio Refuse Collectors Association (SARCA), went out on strike against the City. In sympathy with the aims and objectives of their fellow employees in the Garbage Collection Department, on July 24, 1978, approximately 90% of the employees in the Animal Control Section, of which Gonzales was one, also went out on strike. They formed a picket line outside of the Animal Control Center. The City of San Antonio terminated Gonzales on July 25, 1978. On July 28, 1978 Gonzales filed his initial claim for benefits with TEC and gave as his reason for separation that he quit. He also signed the following statement: "I left my job by participating in a Union walk-out 7–24–78. The walk-out was in sympathy with the SARCA organization of garbage workers." On August 8, 1978, the City protested the initial claim of Gonzales, claiming that "he voluntarily terminated his employment when he entered into an unauthorized strike which is in violation of Texas law regarding public employees." A determination was made by TEC finding the following:

> Your total or partial unemployment is due to your stoppage of work because of a labor dispute at the place where you were last employed.... Therefore, you are disqualified for benefits under *section 5(d) of the Act* beginning July 8, 1978. You will remain disqualified until you establish that your total or partial unemployment is no longer due to your stoppage of work because of a labor dispute. [Emphasis ours.]

On August 28, 1978 appellant appealed the determination. In his notice of appeal Gonzales changed his cause of termination and contended he had been fired from his job with the City. On October 2, 1978 appellant received a notice for hearing on his administrative appeal. The notice of hearing contained, in part, the following:

> The following issues, where applicable, will be brought out during the appeal hearing:
>
> 1. Reason for claimants' separation from work with named employer.
>
> 2. Whether the claimants' unemployment is due to a labor dispute.

A hearing was held on October 11, 1978 before a Commission appeals referee who ruled that Gonzales was not disqualified to receive benefits under art 5221b–3(d),[1] but that he was disqualified due to misconduct under section (b) of the Act.[2] Tex.Rev.Civ. Stat.Ann. art 5221b–3(b), (d) (Vernon Supp. 1982–1983). The referee concluded that Gonzales' discharge by the City constituted a discharge for misconduct under section (b) because Gonzales violated the public policy set forth in Tex.Rev.Civ.Stat.Ann. art. 5154c (Vernon 1971).[3] The appeals referee disqualified Gonzales from receiving benefits for three weeks.

---

1. Under subsection (d) an individual shall be disqualified for benefits:

   For any benefit period with respect to which the commission finds that his total or partial employment is (i) due to the claimant's stoppage of work because of a labor dispute at the factory, establishment, or other premises (including a vessel) at which he is or was last employed....

   Tex.Rev.Civ.Stat.Ann. art. 5221b–3(d) (Vernon Supp.1982–1983).

2. Subsection (b) provides:

   If the Commission finds he has been discharged for misconduct connected with his last work, such disqualification shall be for a period of not less than one nor more than twenty-six benefit periods following the filing of a valid claim, as determined by the Commission according to the seriousness of the misconduct.

   Tex.Rev.Civ.Stat.Ann. art. 5221b–3(b) (Vernon Supp.1982–1983).

3. The anti strike law provides:

   It is declared to be against public policy of the State of Texas for public employees to engage in strikes or organized stoppages against the State of Texas or any political subdivision thereof. Any such employee who participates in such strike shall forfeit all civil service rights, re-employment rights, and any other rights, benefits, or privileges which he enjoys as a result of his employment or prior employment, providing, however, that the right of an individual to cease work shall not be abridged so long as the individual is not acting in concert with others in an organized work stoppage.

   Tex.Rev.Civ.Stat.Ann. art. 5154c (Vernon 1971).

The City appealed the appeals referee's decision to TEC for its review. Still at the administration level, Gonzales brought to the attention of TEC that the City had not relied upon misconduct as a basis of disqualification, and that he had not received notice as to the misconduct charge. He contended the notice was a violation of procedural due process, and sought reversal of the decision of the appeals referee. On February 14, 1979, TEC rendered its final decision. The Commission concurred with the appeals referee that section 5(d) of the Act was inapplicable as Gonzales was discharged by the City prior to filing his initial claim of unemployment benefits. It confirmed the appeals referee's decision that Gonzales was disqualified from receiving benefits due to his misconduct under section 5(b) of the Act. The Commission modified the appeals referee's decision in that it found a harsher disqualification in order and totally disqualified Gonzales from any benefits under the Act. TEC also ordered Gonzales to reimburse it in the sum of $1,932.00 for payments paid to him under the Act. Upon the Commission's order becoming final, appellant sought judicial review by instituting suit in County Court at Law No. 3, Bexar County, Texas. On May 8, 1981, the trial court entered judgment finding that Gonzales was culpable within the meaning of Tex.Rev.Civ.Stat.Ann. art. 5221b–3(b) (Vernon Supp.1982–1983) by engaging in a strike or work stoppage in violation of Tex.Rev.Civ.Stat.Ann. art. 5154c § 3 (Vernon 1971) and that the TEC was entitled to reimbursement for the unemployment benefits paid appellant in the amount of $1,932.00.

Appellant alleges the following three points of error: (1) that he was denied due process because the notice of the hearing and notice of the claim determination were insufficient to support his disqualification from receiving benefits based upon misconduct; (2) that he was denied administrative due process because the ultimate decision of the Commission was based on an issue not presented at the administrative hearing; (3) that the trial court erred in finding that there was substantial evidence to support the decision of TEC.

■ Appellant and appellee TEC concur that Gonzales is not disqualified to receive unemployment benefits under art. 5221b–3(d) of the Texas Unemployment Act. Gonzales had applied for reemployment with the City and ceased to be a participant in the labor dispute. *Kraft v. Texas Employment Commission,* 418 S.W.2d 482, 485–86 (Tex.1967); *Brown v. Texas Employment Commission,* 540 S.W.2d 758, 760 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.). Procedural due process of law necessitates that the parties receive a fair and impartial hearing. These basic rights mandate that parties receive "adequate notice detailing the reasons" giving rise to the hearing so they might have the opportunity to adequately prepare their side of the controversy. *Goldberg v. Kelly,* 397 U.S. 254, 267, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970); *see Lewis v. Metropolitan Savings & Loan Association,* 550 S.W.2d 11, 12–15 (Tex.1977). The notice and the pleadings of an administrative body, are not governed by the rules of formalities appropriate to a court. *Booth v. Texas Employers Insurance Association,* 132 Tex. 237, 123 S.W.2d 322, 326 (1938).

■ The Court in *Texas Employment Commission v. Ryan,* 481 S.W.2d 172 (Tex. Civ.App.—Texarkana 1972, no writ) defined misconduct as:

Misconduct within the meaning of an Unemployment Compensation Act excluding from its benefits an employee discharged for misconduct must be an act of wanton or willful disregard of the employer's interest, or deliberate violation of the employer's rules, or disregard of the standards of behavior which the employer has the right to expect of his employee, or negligence in such a degree or recurrence as to manifest culpability, for wrongful intent or evil design, or show an intentional substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Id.* at 176.

Not at any time did the City allege or introduce into evidence any misconduct on

the part of Gonzales other than participating in the strike. In the determination of claimant's benefits it was specifically alleged that Gonzales was disqualified for benefits under section 5(d) of the Act. The City never relied upon misconduct as the basis of disqualification. Indeed, the evidence at the hearing showed Gonzales to be an employee of the City of San Antonio for a period of over ten years and there was no evidence that he had violated the rules and regulations of the City other than participating in the strike. At the hearing on October 11, 1979, neither 5154c (Anti Strike Statute) or 5521b–3(b) (misconduct) were mentioned.

TEC and City argue that Gonzales, by his statements, acknowledged his involvement in a sympathy strike. Moreover, City alleged the cause of Gonzales' termination was his unauthorized participation in a strike and, therefore, adequate notice was given for the determination made by the appeals referee under art. 5154c. This argument fails to consider the determination order issued by TEC which specifically charges Gonzales with the violation under art. 5221b–3(d). It is reasonable to assume that Gonzales, in preparation of his defense, relied on the determination order and notice and was aware of *Kraft v. Texas Employment Commission, supra,* and *Brown v. Texas Employment Commission, supra,* and had prepared his defense accordingly.

TEC maintains that since art. 5154c provides that it is against the public policy of the State for a public employee to engage in a strike, that Gonzales' action was "misconduct" *per se.* Legislative enactment dictates what is the public policy of this State. This policy is conclusive if constitutional. *See District Grand Lodge No. 25 Grand United Order of Odd Fellows v. Jones,* 138 Tex. 537, 160 S.W.2d 915, 920 (1942). When Gonzales went out on strike in sympathy with SARCA, he acted contrary to the public policy of the State. Assuming that violating the public policy at the State was tantamount to "misconduct" pursuant to art. 5221b–3, had Gonzales received proper notice, he could, conceivably,

produce evidence mitigating punishment. Article 5221b–3(b) provides for loss of not less than one nor more than 26, benefit periods depending on the gravity of the conduct, while art. 5221b–3(d) provides for disqualification of benefits for the period of his unemployment due to the labor stoppage.

We conclude that Gonzales was denied procedural due process, and it is unnecessary to address the remaining points of error. This cause is remanded to the TEC.