Virginia WILSON, Appellant,

v.

**LABOR AND INDUSTRIAL RELATIONS COMM'N OF MO., DIVISION OF EMPLOYMENT SECURITY, St. Luke's Hospital, Respondents.**

No. WD36293.

Missouri Court of Appeals, Western District.

June 25, 1985.

Janice Cebula, Legal Aid of Western Missouri, Kansas City, for appellant.

Sharon A. Willis, Kansas City, Rick V. Morris, Catherine J. Barrie, Jefferson City, James A. Cook, St. Luke's Hosp., Kansas City, for respondents.

Before BERREY, P.J., and DIXON and KENNEDY, JJ.

PER CURIAM:

Wilson appeals from the circuit court's order denying her petition for review of the Labor and Industrial Relations Commission's order in this unemployment compensation case. Dispositive is Wilson's assertion that she was denied procedural due process because the Appeals Tribunal referee found that Wilson "voluntarily left her work on May 31, 1983" and Wilson had no notice that a "voluntary quit" was at issue until she received the referee's decision. Reversed and remanded to the circuit court with directions to remand to the Labor and Industrial Relations Commission for further proceedings.

Wilson, an L.P.N. normally assigned to the surgical and intensive coronary care unit, injured her elbow while at work at St. Luke's Hospital on May 10, 1983. After being treated by a physician, she returned to work, but reinjured the elbow on May 20, thus requiring further treatment and rest. Wilson saw her physician on May 31 and was told she could return to work. Upon her return, Wilson discovered she was temporarily reassigned to the cardiovascular recovery room. Wilson informed her supervisor, Ms. Nelson, that she did not wish to work in that unit, as she felt the extra lifting the assignment entailed would reinjure her elbow. Nelson told Wilson that she should report to her assigned unit or go home and be subject to further disci-

plinary action. As Wilson had already received a written warning and a three-day suspension for absenteeism, she could be terminated in the last stage of St. Luke's progressive disciplinary process.

On June 1, 1983, Wilson was terminated by St. Luke's. She subsequently filed an application for unemployment compensation benefits. On June 9, St. Luke's sent a letter to the Division of Employment Security, stating Wilson had been terminated after she had failed to obey orders. On June 17, a deputy of the Division of Employment Security disqualified Wilson for ten weeks of benefits because she was discharged by St. Luke's for misconduct connected with her work. Section 288.050.2 RSMo Supp.1985. Wilson appealed the deputy's finding and a hearing was held before an Appeals Tribunal referee.

The referee opened the hearing with a reference to the deputy's finding that Wilson had been discharged for misconduct connected with her work. She then heard evidence from various hospital employees and Wilson about Wilson's motivations and what had occurred on May 31. All of the testimony was in terms of Wilson's termination or discharge because of alleged misconduct. In closing, Wilson's attorney stated,

I'd like to call attention to the issue of this case and that is not the dismissal, per se, but whether or not the act that led to this dismiss—dismissal constituted misconduct under the Employment Security Law and that is defined as action that goes against the interest of the employer that's willful and wanton action.

The attorney then argued the reasonableness of Wilson's actions under the circumstances. At no time before or during the hearing did the issue of a "voluntary quit without good cause," Section 288.050.1(1) RSMo Supp.1985, arise. Nonetheless, the referee's decision stated,

After listening to the evidence presented at the hearing, the referee finds that the claimant voluntarily left her work on May 31, 1983. To avoid a disqualification, it must be shown that the claimant

voluntarily left her work with good cause attributable to her work or her employer ... Therefore, it is found that the claimant voluntarily left her work on May 31, 1983, without good cause attributable to her work or her employer.

Pursuant to that determination, Wilson appealed to the Labor and Industrial Relations Commission and then to the circuit court, both of which, in turn, denied her petition for review.

■ By its action, the Commission in effect made the tribunal's decision its own for purposes of judicial review. *Lou Stecher v. Labor and Indust. Rel. Comm'n, et al.,* 691 S.W.2d 936, 938 (E.D. Mo.1985); *Poggemoeller v. Ind. Comm'n, Div. Emp. Sec.,* 371 S.W.2d 488, 498 (Mo. App.1963). This court reviews the Commission's decision and not that of the circuit court. *Div. of Emp. Sec. v. Labor Indust. Rel. Comm'n,* 625 S.W.2d 882, 884 (Mo. App.1981).

42 U.S.C. Sec. 503(a)(3) provides that The Secretary of Labor shall make no certification for payment to any State unless he finds that the law of such State, approved by the Secretary of Labor under the Federal Unemployment Tax Act, includes provisions for—*opportunity for a fair hearing,* before an impartial tribunal, for all individuals whose claims for unemployment compensation are denied.

(Emphasis added). Missouri's Employment Security Law similarly provides:

Unless an appeal on a disputed determination or referred claim is withdrawn, an appeals tribunal, *after affording the parties reasonable opportunity for a fair hearing,* shall affirm, modify, or reverse the determination of the deputy and shall remand the matter to the deputy with directions.

§ 288.190.3 RSMo Supp.1985. (Emphasis added).

These statutory sections, which mandate that a fair hearing be given in the administrative context, are founded in the principles of due process. In order that a party

receive due process, he must "be afforded a full and fair hearing at a meaningful time and in a meaningful manner." *State ex rel. Fischer v. Public Service Comm'n,* 645 S.W.2d 39, 43 (Mo.App.1982); *Farmington R-VII School Dist. v. Allen,* 676 S.W.2d 53, 55 (Mo.App.1984); *Greater Garden Ave. v. City of Webster Groves,* 655 S.W.2d 760, 764 (Mo.App.1983); *See, Navato v. Sletten,* 560 F.2d 340 (8th Cir.1977).

In the instant case, Wilson did not receive a fair hearing. A deputy of the Division of Employment Security found Wilson had been discharged due to misconduct and held her ineligible to receive benefits until she earned ten times the amount of her weekly benefit. Wilson appealed that finding and, at the hearing, both she and employees of her former employer gave testimony on that charge. In Wilson's attorney's closing statement, she argued the only issue she believed was before the referee; that of discharge due to misconduct. The attorney enunciated the applicable law and, in that light, argued the evidence. The issue of a "voluntary quit," which carries a much harsher penalty, was never raised either before or during the hearing. Wilson was first made aware that "voluntary quit" was at issue when the referee imposed the harsher penalty on that basis.

This procedure did not afford Wilson due process. She was never notified that a "voluntary quit" was an issue in the proceeding nor was she given the opportunity to prepare her case in light of that issue. While this situation has not arisen before in Missouri, many other courts have previously found it to violate due process. *Camacho v. Bowling,* 562 F.Supp. 1012 (N.D.Ill. 1983); *Linscott v. Director of Labor,* 9 Ark.App. 103, 653 S.W.2d 150 (1983); *Gonzales v. Texas Employment Comm'n,* 653 S.W.2d 308 (Tex.App.1983); *Swezey v. Employment Div.,* 47 Or.App. 923, 615 P.2d 1103 (1980); *Kuraspediani v. Employment Div.,* 38 Or.App. 409, 590 P.2d 294 (1979); *Libonate v. Commonwealth Unemployment Comp.,* 57 Pa.Cmwlth. 422, 426 A.2d 247 (Pa.Cmwlth.Ct.1981); *Fournier v. State,* 121 N.H. 283, 428 A.2d 1238 (1981); *Kaufman v. Dept. of Emp. Sec.,* 136 Vt. 72, 385 A.2d 1080 (1978); *White v. Idaho Forest Industries,* 98 Idaho 784, 572 P.2d 887 (1977); *Lewis v. Hot Shoppes,* 211 So.2d 20 (Fla.App.1968).

The circuit court's decision is reversed and the cause is remanded to the circuit court with directions to remand to the Labor and Industrial Relations Commission for further proceedings.