Strafford
No. 90-146

NINO D. LECCACORVI

v.

STATE OF NEW HAMPSHIRE WORKERS' COMPENSATION
COMMISSION FOR STATE EMPLOYEES

December 6, 1991

*Anthony T. Coraine*, of Rochester, by brief and orally, for the plaintiff.

*John P. Arnold*, attorney general (*Douglas N. Jones*, assistant attorney general, on the brief and orally), for the State.

JOHNSON, J.   The plaintiff, Nino D. Leccacorvi, appeals a Superior Court (*Dickson*, J.) order affirming the New Hampshire Department of Labor's decision that he was not entitled to workers' compensation benefits arising out of an August 1986 incident which he claimed was a recurrence of a previous, work-related injury in March of 1979. The plaintiff claims that the superior court improperly considered whether there was a causal relationship between the 1986 injury and his pre-existing back condition. We reverse and remand to the superior court for further proceedings consistent with this opinion.

On March 28, 1979, the plaintiff, a State Trooper, was struck in the low back by a doorknob on a hydraulic door while on duty at the Rochester toll station on the Spaulding Turnpike. The blow produced a severe hematoma, which kept the plaintiff out of work for several weeks. All parties agree that this accident was work-related for the purposes of workers' compensation.

On April 27, 1979, the plaintiff injured his back for a second time while bending over to pick up clothing at his home. He remained out

of work for fifteen months and received full workers' compensation benefits until a claims investigator for the workers' compensation commission for state employees reduced his benefits to the handicapped workers' rate on June 20, 1979. The claims investigator based the reduction on her determination that the plaintiff's back problems occasioned in April 1979 were not related to the March 1979 injury. However, approximately two months later the same claims investigator reinstated full benefits after receiving a letter from the plaintiff's physician regarding his condition.

On July 20, 1980, the plaintiff returned to work. Workers' compensation benefits were paid for some of the plaintiff's ongoing medical expenses, such as prescription drugs. Benefits were also paid for his membership at a local health club, where he participated in a rehabilitative exercise program. On March 4, 1983, the plaintiff underwent a CAT scan at the request of his physician. The CAT scan revealed a "bulging disk" between the L4 and L5 vertebrae. The plaintiff elected not to undergo surgery to remedy this problem. The claims investigator was notified of the results of the CAT scan by letter on March 29, 1983. Neither at that time, nor at any other time prior to the current appeal to the superior court, did the State take the position that the toll station injury of March 1979 was not the cause of the plaintiff's back problems.

On October 23, 1985, the claims investigator advised the plaintiff that the State would no longer pay his health club membership fee because the exercise program was "maintenance" rather than "rehabilitation." The plaintiff appealed this health club membership determination to the department of labor, and on March 20, 1986, a hearings officer ruled that:

> "Where the claimant is working out at [the health club], a form of maintenance care rather than medical treatment leading to stabilization and maintenance, payment of membership at [the health club] is not the responsibility of the carrier. Therefore, the claimant's request [that he be reimbursed for his membership fee] is denied."

The plaintiff chose not to appeal this ruling to the superior court.

On August 8, 1986, the plaintiff, while on vacation in New Brunswick, Canada, slipped in a shower stall and suffered severe back pain for a third time. He remained out of work for three and one-half weeks. Upon reviewing information regarding this accident, the claims investigator determined "that the incident of August 1986 is not the result of your 3-28-79 injury but rather constitutes a new

injury, therefore lost time benefits and medical bills relating to that injury will not be covered by workers' compensation." The plaintiff appealed to the department of labor. On March 14, 1988, the hearings officer affirmed the claims investigator's findings:

> "Reviewing the testimony and the medical evidence presented, it is determined that the claimant suffered an *aggravation of his previous back condition* on August 8, 1986 while on vacation in New Brunswick. The slipping incident was a significant incident and an accident sufficient to be considered an independent cause of a herniated disc. *The claimant has suffered an independent intervening incident which has lead to his worsened back condition and disability.* Therefore, this claim is denied."

(Emphasis added.)

The plaintiff filed a petition of appeal with the superior court on April 6, 1988, claiming that he was entitled to medical benefits because of the August 1986 incident. The State, in response to the plaintiff's petition, filed an answer contending that

> "since at least July 1, 1986, the Plaintiff has not had a physical impairment which was medically caused by the March 28, 1979 [toll station] injury to his low back and has, in any event, been able to engage in gainful activity since at least August 1, 1979. Any sudden onset of low back symptoms during August 1986 constituted a new injury or aggravation which resulted from independent non-industrial causes."

In response, the plaintiff filed a pretrial motion to limit the scope of the superior court's *de novo* hearing. The plaintiff noted that the State, since filing its answer, had informed him that it had obtained an expert who would testify that his pre-1986 back condition was not related to the 1979 toll station injury. Citing prior proceedings and the State's answer to his petition of appeal, the plaintiff claimed that the State had not previously contested the causal relationship between the 1979 toll station injury and his pre-existing bulging disk condition and that he would "be irreparably prejudiced if the State is allowed to litigate . . . causal relationship issues which clearly were never addressed at the Department of Labor hearing." The Superior Court (*Nadeau*, J.) denied the motion. It concluded that "[t]he issue of medical causation has always been in dispute. To limit the scope of the appeal . . . would deprive the [State] of a defense which it is entitled to raise in its contest of the claim."

At the trial on the merits, the Superior Court (*Dickson*, J.) denied the plaintiff's appeal by an order dated February 6, 1990. In the court's view, a mere showing by the plaintiff that his 1986 injury resulted from his bulging disk condition was not adequate proof that the 1986 injury was work-related. The plaintiff was also required to prove "that the bulging disk was caused by the doorknob blow." The court relied heavily on the State's expert witness testimony that "the doorknob blow had nothing to do with the bulging disk, but rather . . . the April 27, 1979 bending episode caused the bulging disk." It then concluded that

> "the plaintiff failed to establish by the balance of probabilities either that the blow from the doorknob on March 28, 1979 was the cause of the bulging disk or that the [August 1986 injury] was a direct result of the work situation."

The issue presented on appeal is whether the superior court erred in addressing the causal relationship between the toll station injury and the bulging disk condition, which was first diagnosed in 1983, in determining whether the 1986 injury was compensable. The plaintiff argues that the issue of a causal relationship between his back condition and the toll station injury had been a settled matter from the time of the initial injury in 1979 until the pre-trial proceedings at the superior court in June 1988, and, therefore, was immune from the superior court's *de novo* review. The State argues that the department of labor had never explicitly found that the bulging disk was caused by the toll station injury and that *all* links in the causal chain between the toll station injury and the 1986 injury were ripe for analysis in determining the plaintiff's right to recover benefits. We agree with the plaintiff.

■ The superior court's *de novo* review of department of labor workers' compensation decisions is limited to issues raised in the proceedings being appealed. *See Charles & Nancy, Inc. v. Zessin,* 118 N.H. 556, 558, 391 A.2d 880, 882 (1978); RSA 281:37, I (repealed; current version at RSA 281-A:43, I(b) (Supp. 1990)) (for convenience, reference will hereinafter be made only to the statute in effect at the time of plaintiff's 1986 accident: RSA chapter 281 as it appeared in Supp. 1986 prior to its 1988 recodification as RSA chapter 281-A). We have recognized that "[w]ithout a narrowing of issues on appeal, the claimant is unreasonably burdened with the task of preparing evidence and argument relevant to each of the many statutory criteria," *Zessin supra* (citation omitted), within the vast workers' compensation scheme.

In *Zessin*, where the issue of the untimely notice was raised for the first time on appeal to the superior court, we held that the trial court erred in considering the issue of notice. We stated:

> "The general purpose of RSA 281:37 is to permit a substitution of the conclusions of the court for those of the commissioner. [Citation omitted.] This purpose is served when the superior court rehears the evidence introduced below, determines its probative value, and forms an independent conclusion. *Nizza v. Adams*, 118 N.H. [383,] 385, 386, 387 A.2d [336,] 338."

*Id.* at 558, 391 A.2d at 882.

In this case, the trial court did not reach the conclusions of the commissioner but decided the case on the issue of the causal relationship between the original injury and the pre-existing bulging disk condition. Contrary to the trial court's ruling on the motion to limit the scope of the *de novo* hearing, this issue had not been addressed by the hearings officer. Indeed, the issue of causation had not been considered at any previous hearing before the department of labor or the superior court. As noted above, RSA 281:37, I, permitted the superior court to substitute its judgment for that of the department of labor, but the court's decision is limited to issues raised in the prior proceeding which is now on appeal.

The issue before the superior court was whether the State's carrier was liable for medical bills arising from the plaintiff's 1986 injury. An employer must pay the medical expenses of an injured employee "for such period as the nature of the injury may require." RSA 281:21, I. An injury is defined as an "accidental injury or death arising out of and in the course of employment . . . ." RSA 281:2, V. Thus, many workers' compensation cases involving medical expenses require the court to examine the causal chain between an original, work-related injury and a subsequent, non-work-related injury. *See, e.g., Town of Hudson v. Wynott*, 128 N.H. 478, 522 A.2d 974 (1986). This examination usually calls for an inspection of all intervening injuries which may have broken the causal chain.

In this case, however, the claim before the superior court in 1990 was more than ten years removed from the original, work-related injury at the toll station. Moreover, the causal relationship between the plaintiff's original injury and his bulging disk condition, which was first diagnosed in 1983, had been treated as a settled matter at two prior department of labor hearings.

At the first hearing, which occurred on March 20, 1986, and addressed whether or not the plaintiff's bulging disk entitled him to

continued reimbursement for his health club membership, the hearings officer determined that the exercise program constituted "maintenance" rather than "medical treatment." Implicit in this ruling was the hearing officer's determination that the original toll station injury was the cause of the plaintiff's back problems.

At the second hearing, which occurred on March 14, 1988, and led to the present appeal, the same hearings officer addressed whether or not the plaintiff was entitled to medical benefits for the 1986 injury. In finding that medical benefits were unwarranted, the hearings officer never discussed the causal link between the toll station injury and the plaintiff's back condition. Rather, the hearings officer, agreeing with the claims investigator, found that the *1986 injury* constituted an "independent intervening incident which has led to his worsened back condition." This finding simply does not entail an analysis of the causal relationship between the plaintiff's original injury and his bulging disk condition.

Findings by the claims investigator for the workers' compensation commission for state employees, while not controlling, lend additional support to our conclusion that the causal relationship between the toll station injury and the bulging disk condition was a settled matter. On August 15, 1979, the claims investigator *reversed* her previous finding that the plaintiff's back problems arising out of the 1979 bending injury were not work-related. Full benefits were reinstated, and no further proceedings took place. In fact, whether the bulging disk condition was work-related was not contested again until the superior court proceedings almost ten years later.

We conclude that the causal relationship between the toll station injury and the plaintiff's bulging disk condition was not an issue subject to the superior court's *de novo* review. The State's presentation to the superior court of evidence relating to this causal relationship "unreasonably burdened," *Zessin*, 118 N.H. at 558, 391 A.2d at 882, the plaintiff's ability to appeal the department of labor's decision by requiring him to produce new evidence relating to the cause of a back condition which was first diagnosed in 1983. On remand, the superior court may find, as the department of labor did, that the plaintiff's 1986 injury was "an independent intervening incident" which worsened the plaintiff's prior back condition and thus was not compensable.

*Reversed and remanded.*

All concurred.